LEWIS CLARKE ASSOCIATES v. GEORGE P. TOBLER

No. 7610SC666

(Filed 2 March 1977)

1. **Rules of Civil Procedure § 4— out-of-state defendant — return receipt — signature by one other than defendant**

    The provision of G.S. 1A-1, Rule 4(j)(9)(b), providing that service of process upon an out-of-state defendant will be complete when copies of the summons and complaint are "delivered to the addressee" contemplates merely that the registered or certified mail be delivered to the address of the party to be served and that a person of reasonable age and discretion receive the mail and sign the return receipt on behalf of the addressee.

2. **Rules of Civil Procedure § 4; Process § 9— out-of-state defendant — service of process properly effected**

    The trial court was correct in concluding that service of process was properly effected on the out-of-state defendant pursuant to G.S. 1A-1, Rule 4(j)(9)(b) since the return receipt, signed by a person at defendant's address on behalf of defendant, together with the affidavit of plaintiff's attorney averring that he sent a copy of the summons and complaint to the defendant, return receipt requested, showed sufficient compliance with Rule 4(j)(9)(b) to raise a rebuttable presumption of valid service, and defendant made no attempt to rebut this presumption by showing he did not receive copies of the summons and complaint.

3. **Rules of Civil Procedure § 55— sum certain sought — failure of defendant to appear — authority of clerk to enter judgment**

    In plaintiff's action to recover $66,680.53 allegedly due on three promissory notes, plaintiff's claim for relief, which was for less than the face amount of the promissory notes, established a "sum certain" within the meaning of G.S. 1A-1, Rule 55(b)(1), and the clerk had authority in this case to enter a final judgment.

APPEAL by defendant from *Godwin, Judge.* Order entered 26 May 1976 in Superior Court, WAKE County. Heard in Court of Appeals 19 January 1977.

Plaintiff, Lewis Clarke Associates, with its principal office in Wake County, North Carolina, instituted this action against the defendant, George P. Tobler, a resident of New York, to recover $66,680.53 allegedly due on three promissory notes. Service of process was had on the defendant in New York on 9 September 1975 pursuant to the provisions of G.S. 1A-1, Rule 4(j)(9)(b).

On 10 October 1975 the Clerk of Superior Court, on motion of the plaintiff, entered a default judgment against the defendant in the principal sum of $66,680.53, pursuant to the provisions of G.S. 1A-1, Rule 55.

On 13 May 1976 the defendant, pursuant to the provisions of G.S. 1A-1, Rule 60(b)(4) moved to be relieved from the final judgment entered by the clerk on 10 October 1975 on the grounds that the judgment was void.

On 26 May 1976 defendant's motion to be relieved from final judgment was considered on the grounds that: (1) service of process by registered mail pursuant to the provisions of Rule 4(j)(9)(b) was invalid, and (2) the clerk had no authority to enter a final judgment because plaintiff's claim was not for a sum certain within the meaning of Rule 55(b)(1). From an order denying his motion, defendant appealed.

*Pinna, Skvarla & Wyrick by Samuel T. Wyrick III for plaintiff-appellee.*

*Seay, Rouse, Sherrill, Johnson and Rosser by Henry T. Rosser for defendant-appellant.*

HEDRICK, Judge.

Defendant first contends that the court had no jurisdiction to enter the judgment because of a lack of valid service of process. Service of process was had upon the defendant in New York pursuant to G.S. 1A-1, Rule 4(j)(9)(b), which in pertinent part provides for service upon an out-of-state defendant as follows:

> "Registered or certified mail.—Any party subject to service of process under this subsection (9) may be served by mailing a copy of the summons and complaint, registered or certified mail, return receipt requested, addressed to the party to be served. Service shall be complete on the day the summons and complaint are delivered to the addressee . . . . "

The return receipt in this case is as follows:

> "1. The following service is requested:
>
> Show to whom and date delivered $.15

Lewis Clarke Associates v. Tobler

2. ARTICLE ADDRESSED TO:

Mr. George P. Tobler
139 East Main Street
Smithtown, Long Island
New York, NY 11787

3. ARTICLE DESCRIPTION:

REGISTERED NO. 22163

I have received the article described above.

SIGNATURE S/GPT by ES

4. DATE OF DELIVERY 9-9-75

5. ADDRESS (Complete only if requested)
Box 608"

Defendant argues that service of process was invalid because the copies of the summons and complaint were not delivered to the addressee personally, but were delivered to "ES."

Resolution of this question requires an interpretation of Rule 4(j)(9)(b), which states service of process will be complete when copies of the summons and complaint are "delivered to the addressee."

In 49 N.C. L. Rev. 235 (1971), Professor Louis, principal author of Rule 4(j)(9), points out that the postal department provides two types of registered or certified mail, return receipt requested. If the customer desires that the registered or certified mail be delivered to the "addressee only," he must pay an additional fee for such service, and in such an event, the return receipt must be signed personally by the addressee. Otherwise, the mail may be delivered to and the return receipt signed by a person of reasonable age and discretion at the addressee's address. "The fiction of agency which has been adopted by the post office, is one often employed by the courts in accepting a receipt signed by another as proof of service by registered mail. Annot., 95 A.L.R. 2d 1033, 1050 (1964). The agency is, however, assumed from the relationship between the addressee and the person signing rather than proved." *Id.* at 255, n. 101.

[1] The North Carolina legislature obviously recognized the distinction between the two types of service because in providing for service by registered or certified mail on a natural per-

son in Rule 4(j) (1) (c), it used the expression " . . . delivering to the addressee only." Indeed Professor Louis expressly states that Rule 4(j) (9) (b) does not require personal delivery to the addressee. 49 N.C. L. Rev. at 255-256. Thus, the provision in Rule 4(j)_(9) (b) providing that service of process will be complete when copies of the summons and complaint are "delivered to the addressee," contemplates merely that the registered or certified mail be delivered to the address of the party to be served and that a person of reasonable age and .discretion receive the mail and sign the return receipt on behalf of the addressee.

A showing on the face of the record of compliance with the statute providing for service of process raises a rebuttable presumption of valid service. *Finance Co. v. Leonard,* 263 N.C. 167, 139 S.E. 2d 356 (1964) ; *Harrington v. Rice,* 245 N.C. 640, 97 S.E. 2d 239 (1957).

A reasonable inference to be drawn from the receipts in this case is that the summons and complaint were delivered to a person at the defendant's address whose initials are "ES," and that "ES" received the summons and complaint on behalf of the defendant George P. Tobler. It can be assumed that "ES" was a person of reasonable age and discretion authorized to receive registered mail and sign the receipt for the defendant, George P. Tobler.

[2]   We are of the opinion that in this case the return receipt, together with the affidavit of plaintiff's attorney averring that defendant could not be found within this State and that he sent a copy of the summons and complaint to the defendant by registered mail, return receipt requested, shows sufficient compliance with Rule 4(j) (9) (b) to raise a rebuttable presumption of valid service. Defendant has made no attempt to rebut this presumption by showing he did not receive copies of the summons and complaint. We hold, therefore, that the court was correct in concluding that service of process was "properly effected on defendant pursuant to Rule 4(j) (9) (b) of the North Carolina Rules of Civil Procedure."

[3]   Finally defendant contends the court erred in denying his motion to be relieved from the final judgment, for that the clerk had no authority in this case to enter a final judgment. Defendant argues that since the total amount of the promissory notes which were attached to plaintiff's complaint is different from the amount prayed for in the complaint, the claim is not

for a "sum certain," and the clerk had no authority to enter a final judgment. G.S. 1A-1, Rule 55(b)(1), in pertinent part provides:

> "*Judgment.* Judgment by default may be entered as follows:
>
> (1) By the Clerk.—When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if he has defaulted for failure to appear and if he is not an infant or incompetent person. A verified pleading may be used in lieu of an affidavit when the pleading contains information sufficient to determine or compute the sum certain."

Obviously plaintiff's claim for relief, which was for less than the face amount of the promissory notes, established a "sum certain" within the meaning of Rule 55(b)(1), and the clerk had authority under the circumstances of this case to enter the final judgment.

The order denying defendant's motion to be relieved from final judgment is

Affirmed.

Judges VAUGHN and CLARK concur.