CARLA HAMILTON, Plaintiff
v.
LATEEF JOHNSON, Defendant

No. COA13-63

Filed 6 August 2013

1. **Appeal and Error—untimely appeal—writ of certiorari granted**

 The Court of Appeals exercised its discretion and treating defendant's untimely appeal in a child custody and support case as a petition for writ of *certiorari* in order to review the matter on its merits.

2. **Appeal and Error—interlocutory orders and appeals—sufficiency of service of process—contempt for willful failure to pay child support**

 Although defendant's challenge to the sufficiency of service of process in a child custody and support case was procedural and thus interlocutory in nature, the Court of Appeals held the matter was properly before it under *Willis*, 291 N.C. 19, and N.C.G.S. § 1-277(b). Absent its review, defendant risked extradition, imprisonment, or could otherwise be required to comply with the temporary child support order that he believed was erroneously entered.

**3. Process and Service—child custody and support—service on concierge—requirement of delivering to addressee**

The trial court erred in a child custody and support case by finding that defendant father was properly served with process under N.C.G.S. § 1A-1, Rule 4 prior to entering a temporary child support order. It could not be concluded that service on an alleged concierge satisfied Rule 4(j)(1)(d)'s requirement of "delivering to the addressee."

**4. Jurisdiction—in personam—due process—insufficient minimum contacts**

The trial court erred in a child custody and support case by failing to make sufficient findings of fact that its exercise of personal jurisdiction did not violate due process. Defendant father's conduct and connection with North Carolina was not such that he should reasonably anticipate the court's exercise of *in personam* jurisdiction on him.

On certiorari to review orders entered 22 October 2011, 18 January 2012, 7 February 2012, 25 April 2012, and 29 June 2012 by Judge Christy T. Mann in Mecklenburg County District Court. Heard in the Court of Appeals 4 June 2013.

*Yolanda M. Troutman for plaintiff.*

*HORACK TALLEY PHARR & LOWNDES, P.A., by Christopher T. Hood and Gena Graham Morris, for defendant.*

ELMORE, Judge.

Lateef Johnson (defendant) seeks review of a temporary child support order entered 22 October 2011, show cause orders entered 18 January 2012, 7 February 2012, and 25 April 2012, and an order for arrest entered 29 June 2012. After careful consideration, we vacate the temporary child support order. Additionally, because the temporary child support order was void *ab initio*, all subsequent orders entered are likewise void.

## I. Background

On 29 April 2011, Carla Hamilton (plaintiff) filed a complaint for child custody and child support in Mecklenburg County against defendant. The parties are the biological parents of one minor child born in Charlotte on 28 December 2010. The minor child has resided with

plaintiff in North Carolina since birth. Defendant is a citizen and resident of Houston, Texas. Plaintiff served the complaint for child custody and child support on defendant via certified mail, restricted delivery, return receipt requested, deliver to addressee only, to defendant's last known address in Texas. The certified mail was returned unclaimed.

Thereafter, plaintiff hired detective David Pazda of Pazda & Associates Private Investigators to confirm defendant's Texas address and attempt personal service on him. However, defendant lives in a residential building with controlled access to individual residences – a concierge monitors visitors and accepts packages on the residents' behalf. As such, detective Pazda was unable to personally serve defendant because he was denied access to the residence.

On 13 July 2011, plaintiff retransmitted the civil summons and complaint "via Federal Express, DIRECT SIGNATURE, deliver to addressee only, addressed to the last known address of 5925 Almeda Drive Unit 10715, Houston, TX 77004-7602." On 16 July 2011, an individual identified as "KKPOINI" signed for the documents. On 18 August 2011, plaintiff retransmitted the pleadings and a copy of the summons to defendant via UPS Ground Residential, SIGNATURE REQUIRED, deliver to addressee only[.]" This time, the documents were signed for on 23 August 2011 by an individual identified as "Washington."[1]

On 26 September 2011, Judge Mann presided over plaintiff's temporary child support claim. Defendant did not appear. At the hearing, plaintiff submitted an Affidavit of Service to the trial court, and Judge Mann found that service of process upon defendant was proper pursuant Rule 4(j)(d) of the North Carolina Rules of Civil Procedure. Thereafter, Judge Mann ordered that defendant pay a support obligation of $2,050.00 per month and $4,250.00 in child support arrears. On 31 October 2011, a copy of the temporary child support order was mailed to defendant.

On 18 January 2012, plaintiff filed a motion for contempt, alleging that defendant willfully failed to pay $7,650.00 in support payments per the temporary order. Plaintiff served defendant with the contempt motion and a show cause order directing defendant to appear on 7 February 2012. On 23 January 2010, an individual identified as "C Emanuel" signed for the documents. At the 7 February 2012 show cause hearing, counsel for defendant made a limited appearance to raise the issue of ineffective

---

1. The temporary child support order includes no findings of fact regarding the 23 August 2011 delivery. The trial court relies on the 16 July 2011 delivery in finding that defendant was properly served.

service of process on defendant. At that time, Judge Mann declined to rule on plaintiff's contempt motion; instead, she continued the matter to the 29 February 2012 court session. On 24 February 2012, defendant filed a motion to dismiss and vacate the temporary child support order. Defendant asserted, *inter alia*, that Texas had jurisdiction and that he had not been properly served with notice for the 26 September 2011 temporary child support hearing.

Judge Mann denied plaintiff's contempt motion and defendant's motion to dismiss. In denying defendant's motion to dismiss, Judge Mann stated that she was "comfortable on the personal jurisdiction part . . . the child was born here, that he's visited here with the child, that [defendant's] business account is here[.]" She acknowledged that "[t]he only hitch in the get-along is this Rule 4(j)(1)d. [sic] addressed to the party to be served, delivering to the addressee and obtaining a delivery receipt. . . . Delivering to the addressee. And that's the – [t]hose four words, delivering to the addressee, those are my three words that I get hung up on."

On 25 April 2012, plaintiff filed a second contempt motion, alleging that defendant now owed $11,000.00 in support payments. Defendant did not appear at the 26 June 2012 show cause hearing. Accordingly, Judge Mann issued a verbal order for his arrest and directed plaintiff to memorialize it. Plaintiff drafted the order for arrest but did not serve defendant with a proposed copy as required by local rule 19.3. Defendant was unaware that the order had been issued until he was contacted on 26 July 2012 by a warrant officer from the Harris County Texas Constable's Department.

On 7 August 2012, defendant filed a motion for order vacating the order for arrest, motion for sanctions, and motion for protective order. Judge Mann denied the motions. On 13 August 2012, defendant appealed the 29 June 2012 order for arrest. On 16 August 2012, defendant filed an amended notice of appeal with this Court; he now appeals from the entry of the temporary child support order entered 22 October 2011 and all orders stemming therefrom, including the 29 June 2012 order for arrest and the show cause orders entered 18 January 2012, 7 February 2012, and 25 April 2012. A final child support order has not been entered in this matter.

## II. Analysis

### A. Timely Appeal

[1] At the outset we note that Rule 3(c) of the Rules of Appellate Procedure allow a party thirty days to file notice of appeal in a civil case.

"Without proper notice of appeal, this Court acquires no jurisdiction." *Brooks v. Gooden*, 69 N.C. App. 701, 707, 318 S.E.2d 348, 352 (1984). Here, defendant did not file a notice of appeal until 13 August 2012, more than 30 days after the order for arrest was issued and nearly nine months after the temporary child support order was entered. Thus, defendant failed to comply with Rule 3(c), and we have no jurisdiction to hear his appeal.

However, because plaintiff neglected to serve defendant with a copy of the order for arrest and failed to submit Form CCF-7, "Verification of Consultation with Opposing Attorney/Party," as required by local Rule 19.3, defendant was unaware of the entry of the order until 26 July 2012. Moreover, defendant did not actually receive a copy of the order for arrest from plaintiff until 3 August 2012. Thus, we are inclined to exercise our discretion in treating defendant's appeal as a petition for writ of certiorari. Having done so, we allow certiorari and review the matter on its merits.

## B. Interlocutory Order

[2] In the instant appeal, defendant challenges (1) the trial court's exercise of *in personam* jurisdiction over him, and (2) the sufficiency of service of process pursuant to Rule 4 of the North Carolina Rules of Civil Procedure. N.C. Gen. Stat. § 1-277(b) provides: "Any interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant or such party may preserve his exception for determination upon any subsequent appeal in the cause." N.C. Gen. Stat. § 1-277(b) (2011). This statute has been interpreted to allow an immediate appeal only for substantive "minimum contacts" jurisdictional questions rather than to adverse rulings on service and process. *Love v. Moore*, 305 N.C. 575, 581, 291 S.E.2d 141, 146 (1982). As such, the issue of whether defendant's "minimum contacts" within the North Carolina were sufficient to warrant jurisdiction is immediately appealable under N.C. Gen. Stat. § 1-277(b). However, defendant's challenge to the sufficiency of service of process is procedural, and thus does not fall within the domain of N.C. Gen. Stat. §1-277(b). Accordingly, this issue is interlocutory in nature.

Generally, there is no right of appeal from an interlocutory order. *See* N.C. Gen. Stat. § 1A-1, Rule 54(b) (2011). However, "immediate appeal is available from an interlocutory order or judgment which affects a substantial right." *Sharpe v. Worland*, 351 N.C. 159, 162, 522 S.E.2d 577, 579 (1999) (quotation marks omitted). In *Willis v. Duke Power Co.*, our Supreme Court examined a contempt order that imposed a purging condition compelling discovery and held:

> Not to entertain this appeal would force defendant either (1) to risk being punished by fine or imprisonment or (2) to comply with an order which it contends and which we believe to be erroneously entered. Should defendant comply with the purging conditions to avoid punishment, the important legal questions it seeks to raise on this appeal and tried to raise in the trial court would be rendered moot. Under these circumstances the contempt order affects a substantial right and is appealable[.]

*Willis v. Duke Power Co.*, 291 N.C. 19, 30, 229 S.E.2d 191, 198 (1976) (quotation omitted). In the instant case, the trial court found defendant to be in contempt of court for his willful failure to pay child support. Accordingly, the trial court issued an order for arrest directing that defendant be arrested and jailed in Texas, extradited to Mecklenburg County, and held until he is either brought before the trial court or pays $15,200.00 in child support arrears. Absent our review, defendant risks extradition, imprisonment, or may otherwise be required to comply with the temporary child support order that he believes was erroneously entered. Thus we hold, under the authority of *Willis* and N.C. Gen. Stat. §1-277(b), that this matter is properly before us for review.

## C. Service of Process

[3] Defendant first avers that the trial court erred in finding that he was properly served with process per Rule 4 of the North Carolina Rules of Civil Procedure prior to entering the temporary child support order. We agree.

Our Supreme Court has held: "Jurisdiction of the court over the person of a defendant is obtained by service of process, voluntary appearance, or consent. Rule 4 of the North Carolina Rules of Civil Procedure provides the methods of service of summons and complaint necessary to obtain personal jurisdiction over a defendant, and the rule is to be strictly enforced to insure that a defendant will receive actual notice of a claim against him." *Grimsley v. Nelson*, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996) (citation omitted). "Challenges to sufficiency of process and service do not concern the state's fundamental power to bring a defendant before its courts for trial; instead they concern the means by which a court gives notice to the defendant and asserts jurisdiction over him." *Love* at 579-80, 291 S.E.2d at 145. "[U]nless the specified requirements are complied with, there is no valid service." *Broughton v. Dumont*, 43 N.C. App. 512, 515, 259 S.E.2d 361, 363 (1979) (citation omitted).

In its order, the trial court found that defendant was a natural person domiciled within the state of Texas and "was properly served with this Complaint for child custody and child support on July 16, 2011." A review of the transcript indicates that Judge Mann specifically found that service of process was proper under Rule 4(j)(1)(d), which provides that service may be made:

> By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, **delivering to the addressee**, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

N.C. Gen. Stat. § 1A-1, Rule 4(j)(d) (2011) (emphasis added).

Again, an individual identified as "KKPOINI" signed for the delivery of the summons and complaint. On appeal, plaintiff avers that "KKPOINI" is the concierge and argues that service on the concierge constitutes proper service of process on defendant because the concierge is authorized via the lease agreement to sign for packages. In support, plaintiff relies on our holding in *Lewis Clarke Associates v. George P. Tobler*, where we concluded that Rule 4(j)(9)(b) created a presumption of service of process when copies of the summons and complaint were delivered to the addressee, via registered or certified mail, and signed for by a person of reasonable age and discretion on the addressee's behalf. 32 N.C. App. 435, 438, 232 S.E.2d 458, 459 (1977).

Plaintiff's reliance on *Tobler* and Rule 4(j)(9)(d) is both misplaced and outdated. First, the trial court found that defendant was served with process under Rule 4(j)(1)(d), not Rule 4(j)(9)(b). Second, Rule 4(j)(9)(b) is no longer in effect. When our legislature redrafted Rule 4(j) in 2001, the statutory presumption set forth in Rule 4(j)(9)(b) and discussed in *Tobler* was codified as part of Rule 4(j2)(2) and is only applicable in default judgments. *See* N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2)(2011). In redrafting, the legislature elected not to include any statutory presumption of valid service under Rule 4(j)(1)'s methods of service of process. Absent any statutory presumption, plaintiff bore the burden of proving that "KKPONI" was defendant's agent, authorized by law to accept service of process on his behalf.

Here, the trial court's order is devoid of any findings as to whether "KKPOINI" was an agent authorized to accept service of process on defendant's behalf. In fact, it is unclear how "KKPONI" was employed

in the building – if an employee at all. Thus, we cannot conclude that service on "KKPONI," an alleged concierge, satisfies Rule 4(j)(1)(d)'s requirement of "delivering to the addressee."

## B. Personal Jurisdiction

**[4]** Defendant also argues that the trial court failed to make sufficient findings of fact that its exercise of personal jurisdiction did not violate due process. We agree.

> When personal jurisdiction is alleged to exist pursuant to the long-arm statute, the question of statutory authority collapses into one inquiry – whether the defendant has the minimum contacts with North Carolina necessary to meet the requirements of due process. In order to satisfy the requirements of the Due Process Clause, the pivotal inquiry is whether the defendant has established certain minimum contacts with [the forum state] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.

*Replacements, Ltd. v. Midwesterling*, 133 N.C. App. 139, 143, 515 S.E.2d 46, 49 (1999) (citation and quotations omitted). The factors used in determining the existence of minimum contacts include the "(1) quantity of the contacts, (2) nature and quality of the contacts, (3) the source and connection of the cause of action to the contacts, (4) the interest of the forum state, and (5) convenience to the parties." *Cherry Bekaert & Holland v. Brown*, 99 N.C. App. 626, 632, 394 S.E.2d 651, 655 (1990) (citation omitted). "[A] state does not acquire personal jurisdiction over the defendant simply by being the 'center of gravity' of the controversy or the most convenient location for the trial of the action." *Miller v. Kite*, 313 N.C. 474, 477, 329 S.E.2d 663, 665 (1985) (citation omitted). Additionally, the "presence of the child and one parent in North Carolina might make this State the most convenient forum for the action. This fact, however, does not confer personal jurisdiction over a non-resident defendant." *Id.* at 480, 329 S.E.2d at 667 (citation omitted).

In the case *sub judice*, the trial court concluded that it had jurisdiction over defendant based on the following findings of fact:

> 5. The minor child has lived permanently with the Plaintiff-Mother. The Defendant-Father visited the minor child 3 times. The Defendant-Father last visited with the minor child on March 18, 2011.

6. The minor child has extensive connections with the State of North Carolina having resided in North Carolina since birth.

12. The Plaintiff properly subpoenaed and entered into evidence the Defendant's personal and business accounts at Wells Fargo, NA. The Defendant is self employed as a Consultant. The name of his company is Next Gen Consulting, L.L.C. The Defendant's bank statements list an address of 505 East 6th Street, Suite 1306. Charlotte, North Carolina. 28202. The Defendant's personal and business expenses are reflected in the single account for Next Gen Consulting, L.L.C.

These contacts are insufficient to justify the exercise of *in personam* jurisdiction; defendant's conduct and connection with North Carolina is not such that he should reasonably anticipate being haled into our courts. *See Id.* (holding that the defendant-father, a permanent resident of California, had not purposefully availed himself of the protections and privileges of the laws of this State to justify the exercise of *in personam* jurisdiction over him based on contacts that consisted of: 1) his daughter resided with the plaintiff-mother in North Carolina for nine years, 2) he sent child support payments to the plaintiff-mother at her North Carolina residence, and 3) he visited his daughter approximately six times.). "A contrary result could prevent the exercise of the visitation privileges of non-custodial parents." *Id.* Accordingly, the temporary child support order was void *ab initio* for want of personal jurisdiction.

## III. Conclusion

In sum, given the lack of competent evidence of service of process on defendant, the trial court erred in finding that he was properly served with the summons and complaint for child custody on 16 July 2011. Furthermore, the trial court erred in concluding that it had *in personam* jurisdiction over defendant. Accordingly, we vacate the trial court's 22 October 2011 temporary child support order and all subsequent orders entered in reliance upon it.

Vacated.

Chief Judge MARTIN and HUNTER, JR., Robert N., concur.