Sloan v. Inolife Techs., Inc., 2019 NCBC 3.

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| FORSYTH COUNTY | 17 CVS 306 |

BIZROBE TRUST, BY ITS TRUSTEE
DOUBLEBENT, LLC,

       Plaintiff,

v.

INOLIFE TECHNOLOGIES, INC.;
MANHATTAN TRANSFER
REGISTRAR COMPANY; MTRCO,
INC.; and JOHN CHARLES
AHEARN, III,

       Defendants.

-and-

INOLIFE TECHNOLOGIES, INC.,

       Third-Party
       Plaintiff,

v.

GARY BERTHOLD,

       Third-Party
       Defendant.

-and-

N3GU CAPITAL LTD.,

       Third-Party
       Plaintiff,

v.

**ORDER AND OPINION ON THIRD-PARTY DEFENDANT RANDALL LANHAM'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND FOR LACK OF PERSONAL JURISDICTION**

GARY BERTHOLD,

          Third-Party
          Defendant.

-and-

GARY BERTHOLD,

          Third-Party
          Plaintiff,

v.

RANDALL LANHAM and 8687544
CANADA, INC.

          Third-Party
          Defendants.

1.    **THIS MATTER** is before the Court on Third-Party Defendant Randall Lanham's ("Lanham") Pre-Answer Motion to Dismiss for Insufficient Service of Process (the "Rule 12(b)(5) Motion") and for Lack of Personal Jurisdiction (the "Rule 12(b)(2) Motion") (collectively, the "Motions"). (ECF Nos. 75, 123 (renewing the Motions).) For the reasons set forth herein, the Court **GRANTS** the Rule 12(b)(5) Motion and **DENIES as moot** the Rule 12(b)(2) Motion.

> *Fitzgerald Litigation by Andrew L. Fitzgerald, for Third-Party Plaintiff Gary Berthold.*
>
> *Higgins Benjamin, PLLC by Gilbert Andia, Jr., for Third-Party Defendant Randall Lanham.*

Robinson, Judge.

## I.  INTRODUCTION

2.  The claims asserted by Third-Party Plaintiff Gary Berthold ("Berthold") against Lanham, and which Lanham seeks to dismiss through the Motions, arise from a transaction negotiated by Berthold and Lanham for the sale of Berthold's interest in Defendant InoLife Technologies, Inc. ("InoLife").  Berthold alleges that Lanham approached him on behalf of a then-undisclosed client about locating a publicly traded company that the client could acquire.  Soon thereafter, the two entered into negotiations, which ultimately resulted in a contract for the sale of Berthold's controlling interest in InoLife to Lanham's client.  Berthold alleges, however, that Lanham, among other things, fraudulently induced Berthold to enter into the contract, in reliance on misrepresentations Lanham made during the course of the negotiations, and breached the terms of the contract.  Berthold filed claims against Lanham for breach of contract, breach of the covenant of good faith and fair dealing, fraud, fraud in the inducement, and negligent misrepresentation.  Lanham seeks dismissal of all claims for insufficient service of process and for lack of personal jurisdiction under Rules 12(b)(5) and 12(b)(2), respectively, of the North Carolina Rules of Civil Procedure ("Rule(s)").

## II.  PROCEDURAL BACKGROUND

3.  The procedural history of this action is complex.  The Court sets forth only that procedural background relevant to the Motions.

4.  Plaintiffs Norman L. Sloan ("Sloan"), John T. Root ("Root"), Candace A. Trumbull ("Trumbull"), Nick Plessas ("Plessas"), Candace Wernick ("Wernick"),

Woneeya Thundering Hawk ("Thundering Hawk"), and Bizrobe Trust, by its Trustee Doublebent, LLC ("Bizrobe") (collectively, "Plaintiffs") initiated this action by filing their Complaint on January 17, 2017. (ECF No. 1.)[1]

5. This case was designated a mandatory complex business case by order of the Chief Justice of the Supreme Court of North Carolina dated January 19, 2017, (ECF No. 4), and assigned to the undersigned on the same day by order of then-Chief Business Court Judge James L. Gale, (ECF No. 5).

6. On April 6, 2017, Defendants InoLife, Manhattan Transfer Registrar Company, MTRCO, Inc., and John Charles Ahearn, III answered, with InoLife asserting third-party claims against Berthold. (ECF No. 31.)

7. On June 20, 2017, Berthold filed his Answer and Counterclaim and Third-Party Complaint, asserting third-party claims against Lanham for breach of contract, breach of the covenant of good faith and fair dealing, fraud, fraud in the inducement, and negligent misrepresentation, and a third-party claim against Third-Party Defendant 8687544 Canada, Inc. ("Canada") for breach of contract. (ECF No. 40.)

8. On November 30, 2017, Lanham filed the Motions. Lanham submitted his affidavit and a brief in support of the Motions. (Mem. L. Supp. Pre-Answer Mot. to

---

[1] Bizrobe is the only remaining plaintiff in this action. Plessas filed a notice of voluntary dismissal with prejudice on March 13, 2017. (ECF No. 26.) Following Sloan's death, the Court granted the Estate of Norman L. Sloan's ("Estate of Sloan") motion to substitute as a party plaintiff for Sloan. (ECF No. 106.) On August 2, 2018, the Estate of Sloan, Root, Trumbull, Wernick, and Thundering Hawk voluntarily dismissed with prejudice their claims, and InoLife voluntarily dismissed with prejudice its counterclaims against Trumbull. (ECF No. 116.)

Dismiss for Insufficient Serv. Process & Lack Personal Jurisdiction, ECF No. 76 ["Mem. Supp."]; Affidavit of Randall Lanham, ECF No. 77 ["Lanham Aff."].)

9. On December 28, 2017, Berthold filed a brief in opposition to the Motions, with two supporting affidavits. (Br. Resp. to Third-Party Def. Randall Lanham's Mot. to Dismiss, ECF No. 81 ["Br. Resp."]; Affidavit of Andrew L. Fitzgerald, ECF No. 81.1 ["Fitzgerald Aff."]; Affidavit of Gary S. Berthold, ECF No. 81.2.)

10. After delays occasioned by Sloan's death in early 2018, Berthold filed an Amended Answer, Counterclaim, and Third-Party Complaint as of right on August 7, 2018. (ECF No. 119.)

11. On September 6, 2018, Lanham renewed the Motions. The Court held a hearing on the Motions on September 18, 2018, at which Lanham and Berthold were represented by counsel.

12. On October 10, 2018, Berthold filed a second Motion for Leave to Amend ("Second Motion to Amend"). (ECF No. 138.) After a hearing, the Court granted the Second Motion to Amend on December 6, 2018. (Order on Third-Party Pl. Gary Berthold's Mot. Leave to Am. & Third-Party Def. 8687544 Canada, Inc.'s Mot. to Dismiss, ECF No. 161 ["Order"].) The following day, Berthold filed his Amended Answer, Second Amended Counterclaims and Third-Party Complaint ("Berthold's Second Amended Third-Party Complaint"). (ECF No. 163.) The Court did not require Lanham to renew or refile the Motions after Berthold filed his amended pleadings, permitting the Motions, as previously filed, to seek dismissal of Berthold's Second Amended Third-Party Complaint filed against Lanham on December 7, 2018.

13.     The Motions are ripe for resolution.

### III.     FACTUAL BACKGROUND

14.     The facts concerning service of process are drawn from the affidavits and exhibits submitted in support of and in opposition to the Motions.

15.     Lanham is an attorney licensed by and residing in the state of California. (Lanham Aff. ¶¶ 2, 5; Fitzgerald Aff. ¶ 2, Ex. 1.)  Lanham is a member and manager of the law firm, Lanham & Lanham, PLLC ("Lanham & Lanham").  (Lanham Aff. ¶ 5.)

16.     The Affidavit of Service filed by Berthold's counsel pursuant to N.C. Gen. Stat. § 1-75.10(a)(4) asserts that the Answer, Counterclaim, and Third Party-Complaint, along with the summons, (collectively, the "Process") were deposited in the United States Mail "for mailing by certified mail, return receipt requested, on July 6, 2017[.]"  (Affidavit of Service ¶ 2, ECF No. 54.1 ["Aff. of Service"].)  The Process was addressed to "Randall Lanham, at 28562 Oso Pkwy #D, Rancho Santa Margarita, California 92688" (the "Address").  (Aff. of Service ¶ 2, Ex. A.)  The return receipt attached to the Affidavit of Service states that the date of delivery was July 10, 2017. (Aff. of Service ¶ 3, Ex. A.)

17.     The parties dispute in their respective briefs whether the Address is the location from which Lanham operates his law firm, Lanham & Lanham.  The undisputed evidence shows that Lanham has provided the Address as his official contact address with the State Bar of California.  (Fitzgerald Aff. ¶ 2, Ex. 1.)  The Address is also reflected as Lanham & Lanham's contact address on the firm's

letterhead on two letters sent by Lanham on August 28, 2012 and November 29, 2015, respectively.[2] (Fitzgerald Aff. ¶¶ 3, 6, Exs. 2, 5.) The Address also appears as the firm's contact address on a check dated February 9, 2016 from Lanham & Lanham made payable to the New York Division of Corporations. (Fitzgerald Aff. ¶ 4, Ex. 3.)

18.     Lanham, however, asserts that the Address is in fact the location of a postal service center at which Lanham & Lanham receives only regular mail and not where he conducts the business of his law firm. (Lanham Aff. ¶¶ 6, 7.)

19.     The Process was signed for by an unidentified individual, with the box on the return receipt for "Agent" checked and the box for "Addressee" blank. (Aff. of Service Ex. A.) The signature of the individual who signed for the Process is illegible, and the "Received by *(Printed Name)*" box below the signature line is also blank. (Aff. of Service Ex. A.) Lanham avers without dispute that he did not sign for the Process. (Lanham Aff. ¶ 6.) Lanham believes that the individual who signed for the Process was an employee of the postal service center located at the Address. (Lanham Aff. ¶ 7.)

20.     Lanham's sworn statement further provides that he has not authorized the postal service center to accept service of registered mail addressed either to him personally or to Lanham & Lanham. (Lanham Aff. ¶ 7.) Lanham asserts that,

---

[2] The Court notes that the street number in the Address as it appears in Lanham & Lanham's letterhead differs slightly from the street number in the Address as it appears in other documents submitted in opposition to the Motions. (*Compare* Fitzgerald Aff. Exs. 2, 5 (listing street number as 28652), *with* Fitzgerald Aff. Exs. 1, 3 (listing street number as 28562).) This discrepancy, however, does not appear relevant to the resolution of the Motions, and the parties do not argue otherwise.

instead, he has authorized the postal service center to accept only regular mail addressed to Lanham & Lanham. (Lanham Aff. ¶ 7.)

21. Lanham neither admits nor denies that he received the Process. (*See generally* Lanham Aff.)

## IV. ANALYSIS

### A. <u>Legal Standard</u>

22. "Jurisdiction of the court over the person of a defendant is obtained by service of process, voluntary appearance, or consent." *Grimsley v. Nelson*, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996); *see also Glover v. Farmer*, 127 N.C. App. 488, 490, 490 S.E.2d 576, 577 (1997) ("It is well established that a court may obtain personal jurisdiction over a defendant only by the issuance of summons and service of process by one of the statutorily specified methods"). "Absent valid service of process, a court does not acquire personal jurisdiction over the defendant and the action must be dismissed." *Glover*, 127 N.C. App. at 490, 490 S.E.2d at 577 (citing *Sink v. Easter*, 284 N.C. 555, 561, 202 S.E.2d 138, 143 (1974)).

23. Rule 4 "provides the methods of service of summons and complaint necessary to obtain personal jurisdiction over a defendant, and the rule is to be strictly enforced to insure [sic] that a defendant will receive actual notice of a claim against him." *Grimsley*, 342 N.C. at 545, 467 S.E.2d at 94. Rule 4(j)(1)(c) sets forth the requirements for service of process on natural persons by registered or certified mail, the method used by Berthold here: "By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the

party to be served, and *delivering to the addressee*." N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(c) (emphasis added). "Where a statute provides for service of summons by designated methods, the specified requirements must be complied with or there is no valid service." *Broughton v. Dumont*, 43 N.C. App. 512, 514–15, 259 S.E.2d 361, 363 (1979) (citing *Guthrie v. Ray*, 293 N.C. 67, 69, 235 S.E.2d 146, 148 (1977)). "[A] person relying on the service of a notice by mail must show strict compliance with the requirements of the statute." *Fulton v. Mickle*, 143 N.C. App. 620, 623, 518 S.E.2d 518, 521 (1999) (quoting *In re Appeal of Harris*, 273 N.C. 20, 24, 159 S.E.2d 539, 543 (1968)).

24. Where a defendant challenges proper service of the summons, service by registered or certified mail may be proved:

> by affidavit of the serving party averring:
> a. That a copy of the summons and complaint was deposited in the post office for mailing by registered or certified mail, return receipt requested;
> b. That it was in fact received as evidenced by the attached registry receipt or other evidence satisfactory to the court of delivery to the addressee; and
> c. That the genuine receipt or other evidence of delivery is attached.

N.C. Gen. Stat. § 1-75.10(a)(4).

## B. Service on Lanham Was Insufficient

25. Lanham and Berthold's primary dispute concerns the interpretation of the phrases "delivering to the addressee" in Rule 4(j)(1)(c) and "delivery to the addressee" in section 1-75.10(a)(4).[3] Lanham contends that service was insufficient because the

---

[3] Although some of the cases cited below concern the interpretation and application of Rule 4(j)(1)(d), which describes the manner of service upon a natural person by designated delivery

return receipt was signed for by an unknown individual, who (1) although indicating he or she signed as "Agent," had no authority to accept service of process on behalf of Lanham, and (2) presumably worked at the postal service center, which was not authorized to receive registered mail on behalf of Lanham. (Mem. Supp. 6.) Berthold, on the other hand, contends that the key question is whether Lanham actually received process and, thus, notice of the claims asserted against him. (Br. Resp. 6–7.) Because service was made at the address at which Lanham "holds himself out" as conducting his business, and because Lanham does not deny that he received process, Berthold argues that "it can be assumed that Lanham [in fact] received process[.]" (Br. Resp. 6.)

26. Lanham relies principally on the Court of Appeals' opinion in *Hamilton v. Johnson,* 228 N.C. App. 372, 747 S.E.2d 158 (2013), to support his position that service of process was insufficient. In *Hamilton*, the plaintiff attempted service on the defendant by Federal Express at his last known address in Texas. *See id.* at 374, 747 S.E.2d at 160. When delivered by Federal Express, an individual identified only as "KKPOINI" signed for the documents. *Id.* The plaintiff submitted an affidavit of

---

service authorized pursuant to 26 U.S.C. § 7502(f)(2), and N.C. Gen. Stat. § 1.75-10(a)(5), proscribing the methods for proof of service via designated delivery service, our Court of Appeals has noted that the relevant language of Rule 4(j)(1)(d) and section 1-75.10(a)(5) is nearly identical to the relevant language in Rule 4(j)(1)(c) and section 1-75.10(a)(4), respectively. *Washington v. Cline*, 233 N.C. App. 412, 422, 761 S.E.2d 650, 657 (2014) ("Rule 4(j)(1)c, like Rule 4(j)(1)d, requires 'deliver[y] to the addressee' to effectuate valid service; section 1-75.10(4), like section 1-75.10(5), allows proof of delivery to the addressee with 'other evidence' sufficient to establish that the summons and complaint were 'in fact received [by the addressee].'"). Accordingly, cases interpreting Rule 4(j)(1)(d) and section 1-75.10(a)(5) are relevant to the Court's analysis of service under Rule 4(j)(1)(c) and proof of service under section 1-75.10(a)(4). *See id.*

service, and the trial court entered an order denying the defendant's motion to dismiss, finding that service was proper pursuant to Rule 4(j)(1)(d). *Id.* at 374–75, 747 S.E.2d at 160–61. From this order the defendant appealed. *Id.*

27. On appeal, the plaintiff contended that service was proper because "KKPOINI," the concierge at the defendant's residence, was authorized to sign for packages pursuant to the defendant's lease. *Id.* at 378, 747 S.E.2d at 162. Relying on an earlier Court of Appeals case and Rule 4(j)(9)(b), the plaintiff argued that delivery "to the addressee, via registered or certified mail, and signed for by a person of reasonable age and discretion on the addressee's behalf" created a presumption of proper service of process on the defendant. *Id.* (citing *Lewis Clarke Assocs. v. Tobler*, 32 N.C. App. 435, 438, 232 S.E.2d 458, 459 (1977)).

28. The Court of Appeals disagreed and, in doing so, made two holdings directly relevant here. First, the court noted that Rule 4(j)(9)(b) was no longer in effect, and that when the "legislature redrafted Rule 4(j) in 2001, the statutory presumption set forth in Rule 4(j)(9)(b) . . . was codified as part of Rule 4(j2)(2) and is only applicable in default judgments." *Id.*, 747 S.E.2d at 162–63. Second, the court held that "[a]bsent any statutory presumption, [the] plaintiff bore the burden of proving that 'KKPOINI' was defendant's agent, authorized by law to accept service of process on his behalf." *Id.*, 747 S.E.2d at 163. The record evidence, however, did not establish that "KKPOINI" was defendant's agent for service of process. *Id.* ("[I]t is unclear how 'KKPOINI' was employed in [the defendant's] building.") Accordingly, the court could

not conclude that "service on 'KKPOINI' . . . satisfie[d] Rule 4(j)(1)(d)'s requirement of 'delivering [process] to the addressee.'" *Id.* at 379, 747 S.E.2d at 163.

29.     Lanham contends that the facts of the instant case parallel those in *Hamilton* and compel the same result. (Mem. Supp. 6.)  The Court agrees.  First, the instant case does not involve a default judgment, and thus Berthold does not enjoy Rule 4(j2)(2)'s presumption that service of process was proper.  *See Hamilton*, 228 N.C. App. at 378, 747 S.E.2d at 162–63.  Accordingly, Berthold bears the burden of proving that the unidentified individual who signed for the Process "was [Lanham's] agent, authorized to accept service of process on his behalf."  *Id.*, 747 S.E.2d at 163.

30.     Second, as with the purported concierge in *Hamilton*, the record before this Court lacks conclusive evidence that the unidentified individual who signed for the Process was Lanham's agent.  Lanham avers that no one at the Address was authorized to accept registered mail on his behalf, let alone accept service of process as his registered agent. (Lanham Aff. ¶ 7.)  Berthold did not submit evidence directly addressing whether the unidentified individual was Lanham's agent.  Rather, Berthold contends that the evidence concerning the Address suggests that the Address is the location at which Lanham operates his law firm.  (Br. Resp. 2.)  However, all of the evidence Berthold submitted concerning the Address—that it appears in Lanham & Lanham's letterhead, checks, and on Lanham's California State Bar registration—is fully compatible with Lanham's contrary assertion that the Address is merely a mailing address for a postal service center at which Lanham receives regular mail for his law firm and not the physical address at which he

operates his law firm or resides. (*See* Berthold Aff. Exs. 1–2, 4–5; Lanham Aff. ¶¶ 6, 7.)

31. Berthold contends that "North Carolina law does not concern itself with the technicalities of the identity, role[,] or authority of the person who signed for delivery[,]" as was the court's focus in *Hamilton*. (Br. Resp. 4; *see also* Br. Resp. 6.) Rather, Berthold, citing *Washington*, 233 N.C. App. at 421–22, 761 S.E.2d at 656–57 and *Granville Med. Ctr. v. Tipton*, 160 NC. App. 484, 490–94, 586 S.E.2d 791, 796–98 (2003), encourages the Court to follow cases holding that "the key issue is whether service provided notice of the suit to the addressee." (Br. Resp. 4–5.) The Court concludes that these cases are either inapposite or distinguishable from the facts of the instant case.

32. *Granville Medical Center* is inapposite because it involves the presumption afforded under Rule 4(j2)(2) where, unlike here, a default judgment is sought following a failure by a defendant to timely respond to a complaint. *See* 160 N.C. App. at 490–94, 586 S.E.2d at 796–98; *see also Washington*, 233 N.C. App. at 422, 761 S.E.2d at 657 (distinguishing *Granville Medical Center*, in part, on the ground that the case involved a presumption of proper service).

33. *Washington* is distinguishable on its facts. In that case, the defendants admitted that they had received service of process by Federal Express under Rule 4(j)(1)(d). 233 N.C. App. at 414–16, 761 S.E.2d at 653. Noting that "the 'crucial issue' is whether the summons and complaint were in fact received by the defendants challenging service[,]" *id.* at 422, 761 S.E.2d at 657, the Court of Appeals found the

defendants' admissions determinative in rejecting their motion under Rule 12(b)(5), *id.* at 423, 761 S.E.2d at 658. Here, Lanham has not admitted that he received the Process, and Berthold has failed to carry his burden to show otherwise through competent evidence. Moreover, Berthold's contention that Lanham's counsel's appearance to contest the sufficiency of process establishes that the Process was in fact received would require the denial of any challenge under Rule 12(b)(5). This is hardly the result the Court of Appeals intended through its holding in *Washington*.

34. On the record before the Court, the Court finds that the Address is that of a postal service center serving as the contact address for Lanham and not the location at which Lanham operates his law firm. This finding distinguishes the instant case from other cases which service of process was held to be proper because made upon an individual employed at the defendant's place of business. *See, e.g., Fender v. Deaton*, 130 N.C. App. 657, 663, 503 S.E.2d 707, 710–11 (1998) (holding that service was proper when process was delivered to defendant's law firm and signed for by defendant's wife, who had signed for certified mail in the past without question and thus acted as defendant's agent for service of process).

35. The Court finds that Berthold has not carried his burden of showing that the unidentified individual who signed for the Process was Lanham's authorized agent. Accordingly, the Court concludes that service on the unidentified individual does not satisfy the requirements for service of process under Rule 4(j)(1)(c)'s requirement of "delivering to the addressee." *See Hamilton*, 228 N.C. App. at 379,

747 S.E.2d at 163. The Court determines that Lanham's Rule 12(b)(5) Motion should therefore be granted.

36. Having concluded that service was insufficient under Rule 4(j)(1)(c), the Court has "not acquire[d] personal jurisdiction over the defendant and the action must be dismissed." *Glover,* 127 N.C. App. at 490, 490 S.E.2d at 577 (citing *Sink,* 284 N.C. at 561, 202 S.E.2d at 143). Thus, the Court need not address Lanham's Rule 12(b)(2) Motion, and that motion should be and is denied as moot. *Cf. Love v. Moore,* 305 N.C. 575, 579, 291 S.E.2d 141, 145 (1982) ("A challenge to the court's jurisdiction over the person, Rule 12(b)(2), concerns whether the court has power, *assuming it is properly invoked,* to require the defendant to come into court to adjudicate the claim[.]" (emphasis in original)).

## V.    CONCLUSION

37. For the foregoing reasons, the Court hereby **GRANTS** the Rule 12(b)(5) Motion, **DENIES as moot** the Rule 12(b)(2) Motion, and Berthold's claims contained in his Second Amended Third-Party Complaint against Lanham are hereby **DISMISSED without prejudice**.

SO ORDERED, this the 9th day of January, 2019.

/s/ Michael L. Robinson

Michael L. Robinson
Special Superior Court Judge
   for Complex Business Cases