JAMES F. HUNTER v. BETTY S. HUNTER

No. 8326DC933

(Filed 17 July 1984)

**Rules of Civil Procedure § 4— summons sent to place of business—no valid service of process**

Plaintiff did not establish valid service of process over defendant where the affidavit of plaintiff's attorney and a "Delivery Notice Receipt" received by plaintiff's attorney showed only that the summons was forwarded to defend-

ant's place of business, and there was no showing that defendant herself received a copy of the summons and complaint, since there was no genuine registry receipt or other evidence of delivery attached to the affidavit. G.S. 1-75.10.

APPEAL by plaintiff from *Lanning, Judge.* Judgment entered 25 April 1983 in District Court, MECKLENBURG County. Heard in the Court of Appeals 5 June 1984.

On 29 January 1981 plaintiff James F. Hunter instituted a divorce action against defendant Betty S. Hunter by filing a complaint and obtaining issuance of a summons. On or about the same date plaintiff's attorney mailed a copy of the summons and complaint to defendant at her last known address, No. 2, Brittany Court, Charlotte, North Carolina, by certified mail, return receipt requested. However, the post office received a forwarding request dated 4 February 1981, requesting that all mail for defendant be forwarded to 2911 Hanson Drive. A copy of the delivery notice, dated 5 February 1981, was then left at the Hanson Drive address, notifying defendant to call for her mail. Another forwarding request, dated 6 February 1981, was then submitted to the post office by defendant, requesting that her mail be forwarded to her place of work at 505 Southern National Center, Charlotte, North Carolina. A copy of this forwarding request was received by plaintiff's attorney on 3 March 1981. The receipt indicated that the letter was in fact forwarded to the Southern National address on 7 February 1981.

Defendant subsequently came into possession of the letter through the distribution of her employer's mail. After receiving the letter, defendant contacted her attorney and was told that it had not been properly served upon her. She was further informed that she could expect to receive more papers from plaintiff. Defendant never made an appearance in the action.

On 12 March 1981 plaintiff's attorney filed an affidavit with the court in which he averred that a copy of the summons and complaint had been mailed to defendant. Attached to the affidavit was a copy of the forwarding request dated 6 February 1981, which plaintiff contended was evidence of proper service. On 16 March 1981 the Honorable L. Stanley Brown entered a judgment of divorce.

Hunter v. Hunter

On 20 August 1982 defendant moved to set aside the divorce judgment on the ground that it was void because there was no valid service of process. The motion was heard on 25 April 1983, and the court entered an order setting the judgment aside. From that order, plaintiff appeals.

*Bill Constangy and Robert A. Karney for plaintiff appellant.*

*Paul B. Guthery, Jr. for defendant appellee.*

ARNOLD, Judge.

Plaintiff contends that the trial court erred in granting defendant's motion to set aside the divorce judgment in that service of process was properly obtained. We disagree and affirm the order of the trial court.

Rule 4(j)(1)(c) of the North Carolina Rules of Civil Procedure provides that service of process may be obtained "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee."

Furthermore, G.S. 1-75.10 states:

Where the defendant appears in the action and challenges the service of the summons upon him, proof of the service of process shall be as follows:

. . . .

(4) Service by Registered or Certified Mail—In the case of service by registered or certified mail, by affidavit of the serving party averring:

a. That a copy of the summons and complaint was deposited in the post office for mailing by registered or certified mail, return receipt requested;

b. That it was in fact received as evidenced by the attached registry receipt or other evidence satisfactory to the court of delivery to the addressee; and

c. That the genuine receipt or other evidence of delivery is attached.

Moreover, G.S. 1-75.11 provides:

> Where a defendant fails to appear in the action within apt time the court shall, before entering a judgment against such defendant, require proof of service of the summons in the manner required by § 1-75.10. . . .

The Supreme Court of North Carolina has held that "[s]tatutes authorizing substituted service of process, service of publication, or other particular methods of service are in derogation of the common law, are strictly construed, and must be followed with particularity." *Hassell v. Wilson*, 301 N.C. 307, 314, 272 S.E. 2d 77, 82 (1980). In fact, this Court has held that failure to serve process in the manner prescribed by statute makes the service invalid, even though a defendant has actual notice of the lawsuit. *Roshelli v. Sperry*, 57 N.C. App. 305, 291 S.E. 2d 355 (1982).

In the case at bar, plaintiff attempts to support his contention that process was properly served on defendant by showing that the summons was forwarded to defendant's last known address at 505 Southern National Center, Charlotte, North Carolina and that she subsequently came into possession of the letter and admitted to having notice of the divorce proceedings. We must find, however, that plaintiff did not comply with the statute and, therefore, failed to obtain proper service over defendant.

The affidavit presented by plaintiff's attorney to the court as proof of proper service reads as follows:

> Pursuant to Rule 4(j)9(b), Robert A. Karney, being duly sworn says:
>
> 1. That he is the attorney of record for the Plaintiff in the above-entitled action.
>
> 2. That on January 28, 1981, I deposited in the United States Mail, a copy of the Summons and Complaint to be sent to the Defendant, Betty S. Hunter, #2 Brittany Court, Charlotte, North Carolina, by certified mail, return receipt requested; that it was issued by the Post Office certified number 799737.
>
> 3. That on March 3, 1981, I received through the United States Mail, a copy of the Delivery Notice Receipt, showing

the date delivered to Betty S. Hunter, the Defendant herein, that date being February 6, 1981, and bearing the signature of the Defendant, Betty S. Hunter.

4. The Delivery Notice Receipt received from the United States Post Office is evidence that Betty S. Hunter, the Defendant in this action, received a copy of the Summons and Complaint.

5. That the Delivery Notice Receipt attached hereto is a copy of the receipt of delivery.

s/ ROBERT A. KARNEY

Strictly construing the language of G.S. 1-75.10, we find that plaintiff has failed to show proof of service of process in the manner provided by the statute. We do not agree with the assertion that the "Delivery Notice Receipt" received by plaintiff's attorney stands alone as proof of valid service. The affidavit and accompanying delivery receipt show only that the summons was forwarded to defendant's place of business. There is no showing from the affidavit that defendant herself received a copy of the summons and complaint. The trial court had before it no evidence from which it could have determined that the summons was in fact delivered to defendant since there was no genuine registry receipt or "other evidence" of delivery attached to the affidavit. We, therefore, conclude that plaintiff did not establish valid service of process over defendant and affirm the order of the trial court setting aside the judgment of divorce. Recognizing the somewhat technical nature of the holding, we call attention to the importance of following statutes authorizing substituted service of process with particularity.

Plaintiff next contends that defendant did not make her motion to set aside the divorce judgment within a reasonable time, therefore precluding her from recovery. We reject this contention without further comment. We have carefully examined plaintiff's remaining assignments of error and find in them no merit.

Affirmed.

Judges WHICHARD and EAGLES concur.