NO. COA13-224-2

NORTH CAROLINA COURT OF APPEALS

Filed: 1 April 2014

FRANKIE DELANO WASHINGTON and
FRANKIE DELANO WASHINGTON, JR.,

    Plaintiffs,

    v.                        Durham County
                                   No. 11-CVS-5051
TRACEY CLINE, ANTHONY SMITH,
WILLIAM BELL, JOHN PETER, ANDRE T.
CALDWELL, MOSES IRVING, ANTHONY
MARSH, EDWARD SARVIS, BEVERLY
COUNCIL, STEVEN CHALMERS, PATRICK
BAKER, THE CITY OF DURHAM, NC, and
THE STATE OF NORTH CAROLINA,

    Defendants.


Appeals by plaintiffs and defendant Patrick Baker from orders entered 6 November 2012 by Judge W. Osmond Smith, III in Durham County Superior Court. Originally heard in the Court of Appeals 28 August 2013. Petition for Rehearing allowed 6 January 2014.

    *Ekstrand & Ekstrand LLP, by Robert C. Ekstrand, for plaintiffs-appellants.*

    *Wilson & Ratledge, PLLC, by Reginald B. Gillespie, Jr., and Office of the City Attorney, by Kimberly M. Rehberg, for defendant-appellant Patrick Baker and defendants-appellees the City of Durham, North Carolina, Edward Sarvis, Beverly Council, and Steven Chalmers.*

    *Kennon Craver, PLLC, by Joel M. Craig and Henry W. Sappenfield, for defendants-appellees Anthony Smith,*

*William "Doug" Bell, John Peter, Moses Irving, and Anthony Marsh.*

HUNTER, Robert C., Judge.

Frankie Washington ("Washington") and Frankie Washington, Jr. ("Washington, Jr.") (collectively "plaintiffs") and defendant Patrick Baker ("Baker") appeal from interlocutory orders entered by Judge W. Osmond Smith, III on 6 November 2012 in Durham County Superior Court.  Plaintiffs appeal from orders granting nine of twelve defendants'[1] motion to dismiss for insufficient service of process and denying plaintiffs' motion to amend the summons against defendant City of Durham ("the City").  Baker appeals from orders denying his motion to dismiss for insufficient service of process and denying his motion to dismiss the action for failure of the summonses to contain the "title of the cause" as is required by North Carolina Rule of Civil Procedure 4(b).

---

[1] Baker is the only defendant-appellant.  Andre T. Caldwell, although named in the complaint, is not listed in the briefs as an appellee, and does not appear to have been a party to the suit at the time the trial court entered its orders.  Therefore, the nine defendants whose motion to dismiss was granted, and thus the nine appellees to plaintiffs' appeal, are Steven Chalmers ("Chalmers"), Beverly Council ("Council"), Anthony Smith ("Smith"), William Bell ("Bell"), John Peter ("Peter"), Moses Irving ("Irving"), Anthony Marsh ("Marsh"), Edward Sarvis ("Sarvis"), and the City of Durham ("the City") (collectively "defendants-appellees," or, when including Baker, "defendants").

On appeal, plaintiffs assert that: (1) the trial court erred by granting defendants-appellees' motion to dismiss for insufficient service of process because plaintiffs properly served those defendants via designated delivery service and defendants are estopped from asserting such defense, and (2) the trial court erred by denying plaintiffs' motion to amend the summons for the City because such amendment would not prejudice the City. Baker argues that: (1) the trial court erred by denying his motion to dismiss for insufficient service of process because plaintiffs failed to meet the statutory requirements for designated delivery service, and (2) the trial court erred by failing to dismiss the action because the summonses did not contain the "title of the cause" as is required by statute.

On 5 November 2013, this Court filed an opinion affirming the trial court's orders granting the City's motion to dismiss for insufficient service of process, denying Baker's motion to dismiss for insufficient service of process, denying plaintiffs' motion to amend the summons, and denying Baker's motion to dismiss for failure of the summonses to contain the "title of the cause." However, we reversed the trial court's order granting all other defendants-appellees' motion to dismiss for

insufficient service of process. Upon reexamination, we maintain this disposition, but we modify the originally filed opinion. This opinion supersedes the previous opinion filed 5 November 2013.

## Background

Plaintiffs' claims against defendants arise out of the arrest, prosecution, conviction, and ultimate release of Washington that took place over a six-year period between 30 May 2002 and 22 September 2008. After a four-year, nine-month delay between arrest and trial, Washington was convicted of first-degree burglary, two counts of second-degree kidnapping, robbery with a dangerous weapon, attempted robbery with a dangerous weapon, assault and battery, and attempted first-degree sex offense. This Court vacated his convictions due to delays attributed to the State in violation of Washington's right to a speedy trial under the Sixth Amendment of the United States Constitution and Article I, Section 18 of the North Carolina Constitution. *See State v. Washington*, 192 N.C. App. 277, 665 S.E.2d 799 (2008). On 21 September 2011, Washington and Washington, Jr. filed a complaint and obtained civil summonses against defendants for, *inter alia*, violations of federal and state constitutional provisions, malicious prosecution,

negligence, negligent and intentional infliction of emotional distress, conspiracy, and supervisory liability.

Plaintiffs attempted to serve process on defendants using FedEx, a designated delivery service. All defendants except Council were served between 23 and 27 September 2011; Council was served on 25 October 2011.

The packages containing summonses and copies of the complaint sent to the City and Baker contained the following directory paragraphs, respectively:

> City of Durham
> c/o Patrick Baker
> 101 City Hall Plaza
> Durham NC 27701
>
> Patrick Baker City Manager
> City of Durham
> 101 City Hall Plaza
> Durham NC 27701

At the time of service, Baker was the City Attorney, not the City Manager. Both packages were received by April Lally ("Lally"), a receptionist and administrative assistant in the City Attorney's Office; Lally signed for the packages and later handed them to Baker. Baker later filed an affidavit with the trial court in which he admitted to receiving the summons and complaint against him.

Plaintiffs attempted to serve Chalmers at his home, but left the package containing the summons and complaint with Chalmers' visiting twelve-year-old grandson who was playing in the front yard. Chalmers' grandson went inside and gave Chalmers the package; Chalmers later filed an affidavit with the trial court admitting that he received the summons and complaint against him.

Plaintiff attempted to serve Council by delivering the package via FedEx to her home, but no one was there at the time of delivery. The driver left the package on the door step to the side door; Council later filed an affidavit with the trial court admitting that she received the summons and complaint against her later that evening when she returned home.

Plaintiff attempted to serve Bell, Irving, Marsh, Peter, Sarvis, and Smith by having a FedEx driver deliver their summonses and copies of the complaint to the City Police Department's loading dock. Bell and Irving were former employees of the City's Police Department at the time of delivery; Marsh, Peter, Sarvis, and Smith were then-current employees. The driver left the package with Brenda T. Burrell ("Burrell"), an employee for the City's Police Department who is responsible for "receiving materials and supplies delivered to

the Police Department for use in its operations." Each of these defendants filed an affidavit with the trial court admitting that he received the summons and complaint against him.

Plaintiffs filed with the trial court affidavits of service and receipts generated by the designated delivery service for each defendant. They also re-filed the defendants' affidavits in which they admitted to receiving the summonses and copies of the complaint against them as evidence of effective service of process.

On 11 January 2012, Cline and the State of North Carolina filed motions to dismiss for insufficient service of process, among other claims not relevant to this appeal. On 23 March 2012, all remaining defendants also filed a motion to dismiss for insufficient service of process. That same day plaintiffs filed a motion to amend the summons issued to the City to replace Baker with the then-current City Manager. On 6 November 2012 Judge Smith entered orders: (1) denying plaintiffs' motion to amend the summons; (2) denying motions to dismiss for insufficient service of process as to Baker, Cline, and the State of North Carolina[2]; and (3) granting motions to dismiss for insufficient service of process as to defendants-appellees. On

---

[2] Only Baker appeals from this order.

15 November 2012, plaintiffs filed a timely notice of appeal. On 27 November 2012, Baker also filed timely notice of appeal.

## Grounds for Appellate Review

The orders from which plaintiffs and Baker appeal are interlocutory. "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). However, the Court does allow immediate appeal of interlocutory orders in some circumstances.

> [I]mmediate appeal of interlocutory orders and judgments is available in at least two instances. First, immediate review is available when the trial court enters a final judgment as to one or more, but fewer than all, claims or parties and certifies there is no just reason for delay . . . . Second, immediate appeal is available from an interlocutory order or judgment which affects a substantial right.

*Sharpe v. Worland*, 351 N.C. 159, 161-62, 522 S.E.2d 577, 579 (1999) (quotation marks omitted); *see also* N.C. Gen. Stat. § 1-277(a) (2013) ("An appeal may be taken from every judicial order . . . which in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action.").

Here, plaintiffs appeal from an order dismissing defendants-appellees, who comprise more than one but not all

parties. This order is in effect a final judgment as to those defendants-appellees, and the trial court certified in the order dismissing them that there was no just reason for delay in appeal pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure. As such, plaintiffs appeal of the trial court's order granting defendants-appellees' motion to dismiss is properly before this Court. *See DKH Corp. v. Rankin-Patterson Oil Co.*, 348 N.C. 583, 585, 500 S.E.2d 666, 668 (1998) ("[I]f the trial court enters a final judgment as to a party or a claim and certifies there is no just reason for delay, the judgment is immediately appealable.").

Although Baker admits that his appeal does not stem from a final judgment or an order affecting a substantial right, he argues that the Court should hear his appeal in order to prevent "fragmentary appeals." The circumstances here are comparable to those in *RPR & Assocs., Inc. v. State*, 139 N.C. App. 525, 530-31, 534 S.E.2d 247, 251-52 (2000), in which this Court chose to hear an appeal from the trial court's denial of a motion to dismiss for insufficient service of process that was not itself immediately appealable, but was related to an issue properly before the Court. The Court reasoned that "to address but one interlocutory or related issue would create fragmentary

appeals." *Id.* at 531, 534 S.E.2d at 252. Here, Baker's appeal involves the application of the same rules to the same facts and circumstances as plaintiffs' appeal, which we choose to allow. Therefore, in order to prevent fragmentary appeals, we find that Baker's appeal is also proper at this time.

Additionally, we find the appeals from the trial court's orders denying plaintiffs' motion to amend the summons against the City and denying defendants' motion to dismiss for failure of the summons to "contain the title of the cause" are also properly before the Court pursuant to N.C. Gen. Stat. § 1-278, which provides that "[u]pon an appeal from a judgment, the court may review any intermediate order involving the merits and necessarily affecting the judgment." Here, plaintiffs properly appeal from a final judgment, and the above orders involve the merits and necessarily affect that judgment. Therefore, appellate review is appropriate at this stage of litigation.

## Discussion

### I. Sufficiency of Service of Process

Plaintiffs first argue that the trial court erred by granting defendants-appellees' motion to dismiss for insufficient service of process. Baker argues that the trial court erred by denying his motion to dismiss for insufficient

service of process.  After careful review, we reverse the trial court's order dismissing all defendants-appellees except the City and affirm the trial court's order denying Baker's motion to dismiss.

## A. Estoppel

At the outset, plaintiffs cite *Storey v. Hailey*, 114 N.C. App. 173, 441 S.E.2d 602 (1994), in support of their argument that defendants are estopped from asserting the defense of insufficient service of process.  In *Storey*, this Court ruled that the defendants were estopped from asserting insufficient service of process as a defense where they asked for and received extensions of time without alerting the plaintiff to any possible defects in service, and plaintiffs ran out of time to effect valid service due to the extensions.  The Court reasoned that by doing so, the defendants in effect "lulled [the] plaintiff into a 'false sense of security' and probably prevented [the] plaintiff from discovering her error and effecting valid service within the statutory period."  *Storey*, 114 N.C. App. at 176, 441 S.E.2d at 604.  Here, although defendants did receive extensions of time from the trial court, they explicitly stated that the reason for the extensions was to "determine whether any Rule 12 or other defenses [were]

appropriate." Defendants-appellees' and Baker's motion to dismiss for insufficient service of process were entered pursuant to Rule 12(b)(5). Therefore, plaintiffs had notice that such motions could be filed. Furthermore, defendants-appellees in fact served plaintiffs with their answer containing the defenses on 16 December 2012, four days before the last day in which plaintiffs could have obtained extensions of the summonses. It is evident that plaintiffs had actual notice of the defenses, because they served their reply to the answer on 20 December 2011, the same day that the summonses expired. Therefore, because defendants were not responsible for plaintiffs' failure to extend the life of the summonses, we find that *Storey* is inapposite and defendants are not estopped from asserting the defense of insufficient service of process.

## B. Natural persons

Defendants-appellees and Baker moved to dismiss this action under Rule 12(b)(5) for insufficient service of process. "We review *de novo* questions of law implicated by denial of a motion to dismiss for insufficiency of service of process." *New Hanover Cnty. Child Support Enforcement ex rel. Beatty v. Greenfield*, __ N.C. App. __, __, 723 S.E.2d 790, 792 (2012).

-13-

Rule 4(j)(1)d of the North Carolina Rules of Civil Procedure sets forth the requirements for service of process on natural persons via designated delivery service, the method utilized by plaintiffs here:

> d. By depositing with a designated delivery service . . . a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt.

N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)d (2013). Where defendants appear in an action and challenge the service of the summons (as all defendants did here), service by designated delivery service may be proved in the following manner:

> (5) Service by Designated Delivery Service. - In the case of service by designated delivery service, by affidavit of the serving party averring all of the following:
>
> > a. That a copy of the summons and complaint was deposited with a designated delivery service as authorized under G.S. 1A-1, Rule 4, delivery receipt requested.
> >
> > b. That it was in fact received as evidenced by the attached delivery receipt or other evidence satisfactory to the court of delivery to the addressee.
> >
> > c. That the delivery receipt or other evidence of delivery is attached.

N.C. Gen. Stat. § 1-75.10(a)(5) (2013).

At issue in this case is the interpretation of the phrase "delivering to the addressee" in Rule 4(j)(1)d and section 1-75.10(5). Defendants summarize their argument as follows: "because FedEx did not deliver the process to the addressee or an agent of the addressee, the requirement of Rule 4(j)(1)d of 'delivering to the addressee' was not met, and therefore service was insufficient." In support of this contention, they further argue that "[e]stablished case law of the Supreme Court and this Court holds that Rule 4's requirements for service of process are to be strictly enforced." We agree that Rule 4 is "to be strictly *enforced* to insure that a defendant will receive actual notice of a claim against him." *Hamilton v. Johnson*, __ N.C. App. __, __, 747 S.E.2d 158, 162 (2013) (emphasis added) (quoting *Grimsley v. Nelson*, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996)). However, the greater weight of precedent supports a liberal approach to interpreting the language of the rules. Both of our appellate courts have explicitly recognized liberality as the canon of construction when interpreting the North Carolina Rules of Civil Procedure. *See Excel Staffing Serv., Inc. v. HP Reidsville, Inc.*, 172 N.C. App. 281, 285, 616 S.E.2d 349, 352 (2005) ("It is true that our Supreme Court instructed that when construing the Rules of Civil Procedure . .

. that '[l]iberality is the canon of construction.'") (quoting

*Lemons v. Old Hickory Council, Boy Scouts of America, Inc.*, 322

N.C. 271, 275, 367 S.E.2d 655, 657 (1988)).  The *Lemons* Court

explained that:

> The Rules of Civil Procedure were adopted by the General Assembly at the urging of the North Carolina Bar Association "to eliminate the sporting element from litigation." The philosophy underlying these rules was that:
>
>> *Technicalities and form are to be disregarded in favor of the merits of the case.* One of the purposes of the rules was to take the sporting element out of litigation. No single rule is to be given disproportionate emphasis over another rule which also has application. Rather, the rules are to be applied as a harmonious whole. The rules are designed to eliminate legal sparring and fencing and surprise moves of litigants. The aim is to achieve simplicity, speed and financial economy in litigation. *Liberality is the canon of construction.*

*Lemons*, 322 N.C. at 274-75, 367 S.E.2d at 657 (emphasis added)

(citation omitted).

Furthermore, the General Assembly itself added commentary

to Rule 4 indicating that it is "complementary" to the

jurisdiction statutes in N.C. Gen. Stat. § 1-75.1 et. seq. which

were "proposed for consideration contemporaneously with [the

North Carolina Rules of Civil Procedure]."  *See* N.C. Gen. Stat.

§ 1A-1, Rule 4 official commentary (2013). Section 1-75.1 states that the jurisdiction statutes, including section 1-75.10, "shall be *liberally construed* to the end that actions be speedily and finally determined *on their merits*. The rule that statutes in derogation of the common law must be strictly construed does not apply to this Article." N.C. Gen. Stat. § 1-75.1 (2013) (emphasis added). The canon of liberality noted by both this Court and the Supreme Court and the General Assembly's explicit intent to have actions "speedily and finally determined on their merits" underlie the general recognition in this state that:

> A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, . . . it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.

*Wiles v. Welparnel Const. Co., Inc.*, 295 N.C. 81, 84-85, 243 S.E.2d 756, 758 (1978) (quoting *United State v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir. 1947)).

Turning to the facts of this case, we believe that *Granville Med. Ctr. v. Tipton*, 160 N.C. App. 484, 493, 586 S.E.2d 791, 797 (2003), is helpful to our analysis. In

*Granville Medical Center*, the plaintiff served the defendant via certified mail under Rule 4(j)(1)c of the North Carolina Rules of Civil procedure and won default judgment when the defendant failed to answer the complaint. *Id.* at 485-86, 586 S.E.2d at 793. To prove service under section 1-75.10(4), the plaintiff presented the trial court with an affidavit attesting that the summons and complaint were delivered to the defendant and a signature was obtained on the registry receipt. *Id.* at 490-91, 586 S.E.2d at 796-97. The defendant attempted to rebut the presumption of proper service by averring that the individual who signed for the summons and complaint was not connected to the defendant in any way. *Id.* at 493, 586 S.E.2d at 798.

In addressing section 1-75.10(4) and Rule 4(j)(1)c, the *Granville Medical Center* Court held that "a defendant who seeks to rebut the presumption of regular service generally must present evidence that service of process failed to accomplish its goal of providing defendant with notice of the suit, rather than simply questioning the identity, role, or authority of the person who signed for delivery of the summons." *Granville Med. Ctr.*, 160 N.C. App. at 493, 586 S.E.2d at 797 (2003) (citing *In re Williams*, 149 N.C. App. 951, 959, 563 S.E.2d 202, 206 (2002) (where the defendant "did not rebut this presumption by showing

he never received the summons and complaint" the Court held that "defendant was sufficiently served with process"); *Poole v. Hanover Brook, Inc.*, 34 N.C. App. 550, 555, 239 S.E.2d 479, 482 (1977) (a defendant who "did not attempt to rebut this presumption by showing that he did not receive copies of the summons and complaint" held to have "failed to show that service of process was insufficient because a delivery was not made to a proper person")). Thus, the *Granville Medical Center* Court held that:

> In the present case, defendant's affidavit essentially states that (1) he did not personally sign the registry receipt indicating delivery of the summons, (2) the receipt was signed by "S" or "F" Hedgepeth, and (3) defendant had never employed a person named Hedgepeth "as an agent, officer, employee, or principal[.]" On this basis, defendant asserts his affidavit proves the person signing for receipt of the summons "was not in any way connected with the defendant." However, as the trial court observed, the fact that Hedgepeth was not defendant's agent or principal does not necessarily mean he had no connection to defendant. *Further, as discussed above, the crucial issue is not whether the individual signing for the summons was formally employed by defendant as his agent, but whether or not defendant in fact received the summons. Conspicuously absent from defendant's affidavit is any allegation that he did not receive the summons, or did not receive notice of the suit.*
>
> We conclude that it was not error for the

> trial court to conclude that defendant was properly served with the summons. This assignment of error is overruled.

*Granville Med. Ctr.*, 160 N.C. App. at 493-94, 586 S.E.2d at 798 (emphasis added).

Although the holding of *Granville Medical Center* is distinguishable because it analyzed whether the defendant could rebut a presumption of service, we find its reasoning as to the interplay between Rule 4 and section 1-75.10 persuasive. The rules analyzed by the *Granville Medical Center* Court are materially similar to those at issue in this case. Rule 4(j)(1)c, like Rule 4(j)(1)d, requires "deliver[y] to the addressee" to effectuate valid service; section 1-75.10(4), like section 1-75.10(5), allows proof of delivery to the addressee with "other evidence" sufficient to establish that the summons and complaint were "in fact received." The *Granville Medical Center* Court held that whether the defendant in fact received the summons and complaint is the "crucial issue" to rebut a presumption of "deliver[y] to the addressee" under Rule 4(j)(1)c and section 1-75.10(4). Thus, given the nearly identical language of these rules, it follows that where defendants challenge "deliver[y] to the address" under Rule 4(j)(1)d and section 1-75.10(5), the "crucial issue" is whether the summons

and complaint were in fact received by the defendants challenging service.

Furthermore, principles of statutory construction lead us to conclude that defendants' argument that Rule 4(j)(1)d requires direct service exclusively on a defendant or his service agent is without merit. "The best indicia of [legislative] intent are the language of the statute . . . the spirit of the act and what the act seeks to accomplish." *Concrete Co. v. Bd. of Comm'rs,* 299 N.C. 620, 629, 265 S.E.2d 379, 385 (1980). The General Assembly's stated objective in passing the jurisdiction statutes in sections 1-75.1 et. seq. was to have actions "speedily and finally determined on their merits." N.C. Gen. Stat. § 1-75.1. To achieve this end, the General Assembly drafted section 1-75.10 with plain language allowing a plaintiff to prove service under Rule 4(j)(1)d with either a return receipt or "other evidence" that copies of the summons and complaint were "in fact received" by the addressee, not evidence that the delivery service employee personally served the individual addressee or his service agent. N.C. Gen. Stat. § 1-75.10(a)(5)(b). Further, when construing a statute, "the entire sentence, section, or statute must be taken into consideration, and every word must be given its proper effect

and weight." *Nance v. S. Ry. Co.*, 149 N.C. 366, 271, 63 S.E. 116, 118 (1908). Defendants' interpretation would provide almost no weight to the phrase "in fact received" in section 1-75.10. Viewed under the doctrine of *expressio unius est exclusio alterius,* which means the expression of one thing is the exclusion of another, the fact that the legislature declined to include a personal delivery requirement in Rule 4(j)(1)d when it did so in other subsections throughout the statute indicates its intention to exclude it. *See* N.C. Gen. Stat. § 1A-1, Rule 4(j)(5)a (2013) (prescribing "personal service" on a city, town, or village as an effective method of service); *Haywood v. Haywood*, 106 N.C. App. 91, 99-100, 415 S.E.2d 565, 570 (1992) *rev'd in part*, 333 N.C. 342, 425 S.E.2d 696 (1993).

Here, by presenting the trial court with affidavits from defendants-appellees and Baker admitting that they actually received the summonses and complaints after the service documents were addressed to them and sent through FedEx, plaintiffs provided incontrovertible "other evidence" under section 1-75.10(5) that the summonses and complaints were "in fact received" by the addressees. Therefore, based on the persuasive reasoning of the *Granville Medical Center* Court, the General Assembly's stated goal in enacting section 1-75.10, and

the plain language of the statute itself, we hold that plaintiffs properly proved service via Rule 4(j)(1)d under section 1-75.10(5), and the trial court's conclusion that plaintiffs failed to properly prove service on defendants-appellees, except the City, was in error.

Defendants disagree with our conclusion for a number of reasons. First, they contend that because Rule 4(j)(1)c and 4(j)(1)d both contain the requirement that a summons and complaint be "deliver[ed] to the addressee," this Court should follow precedent established by cases where Rule 4(j)(1)c was construed. We agree with this general proposition, as is exemplified by our analysis of the *Granville Medical Center* decision above. However, defendants cite *Hunter v. Hunter*, 69 N.C. App. 659, 317 S.E.2d 910 (1984), which they argue is directly on point. Defendants claim that the *Hunter* Court held that "transmitting process via certified mail to the defendant's place of employment, but not delivering the certified mail to the defendant herself, even though the process was ultimately delivered to the defendant, was invalid." However, defendants ignore the *Hunter* Court's application of section 1-75.10. *See id.* at 661, 317 S.E.2d at 911. In applying this provision, the *Hunter* Court actually held that:

> [W]e find that plaintiff has *failed to show proof of service of process in the manner provided by [section 1-75.10]. . . . The affidavit* and accompanying delivery receipt show only that the summons was forwarded to defendant's place of business. There is no showing from *the affidavit that defendant herself received a copy of the summons and complaint. The trial court had before it no evidence from which it could have determined that the summons was in fact delivered to defendant* since there was no genuine registry receipt or "other evidence" of delivery attached to the affidavit. We, therefore, conclude that plaintiff did not establish valid service of process over defendant and affirm the order of the trial court setting aside the judgment of divorce.

*Id.* at 663, 317 S.E.2d at 912 (emphasis added). This case is therefore readily distinguishable; the trial court here, unlike the trial court in *Hunter*, had before it affidavits from each defendant signifying that they all, in fact, received the summons and complaint against them after they were delivered by FedEx. Had the trial court in *Hunter* been presented with similar evidence signifying delivery, it could have determined that the summons and complaint were "in fact received", per section 1-75.10, on which it based its holding.[3]

---

[3] Defendants also argue that *Osman v. Reese*, No. COA09-950, 2010 WL 1315595 (N.C. Ct. App. Aril 6, 2010) is analogous to *Hunter* and should be followed by this Court despite being unpublished. They claim that the *Osman* Court held that "service via certified mail delivered to defendant's co-worker at defendant's place of employment was invalid under Rule 4(j)(1)c, *even though*

Next, defendants argue that their actual notice of the suit did not cure the defect in service rendered by FedEx's failure to hand the summons and complaint to each defendant or his or her respective service agents. The cases that defendants claim support application of this principle here are distinguishable in material aspects. First, defendants cite *Grimsley*, 342 N.C. at 544-46, 467 S.E.2d at 94, and claim that in that case "[t]here was no question that process was received: [the] defendant answered the complaint. Nevertheless, process was held to be insufficient." In actuality, the basis of the plaintiff's argument in *Grimsley* was that "while [the defendant] *was not actually served with summons and complaint, [the insurance company's] 12 October 1992 answer* constituted a general appearance by [the defendant], thereby precluding [the defendant] from raising the defense of lack of personal jurisdiction." *Id.* at 545, 467 S.E.2d at 94 (emphasis added).

_____

*defendant ultimately received the process*, because the requirement of 'delivering to the addressee' had not been met." However, the Court explicitly stated that "*[The defendant] signed affidavits averring that he had never been served with process in this case, and that he never 'received a copy of the Summons and Complaint that was purportedly mailed to [him] c/o Merchant's Tire.'" Id.* at \*2 (emphasis added). The co-worker who received the summons and complaint averred that "[he] never provided copies to [the defendant.]" *Id.* Because of this crucial factual distinction, we disagree with defendants' assertion that *Osman* has precedential value.

Thus, it is clear that the defendant in *Grimsley* did not answer the complaint; a third party to the suit did. *Id.* at 546, 467 S.E.2d at 95. The Court stated unequivocally that "[the defendant] has never been served with [the] summons and complain as required by the Rules of Civil Procedure." *Id.* at 546, 467 S.E.2d at 94. This case is therefore distinguishable because defendants here actually received copies of the summons and complaint and filed answers directly.

Furthermore, the other cases cited by defendants in support of this proposition are equally distinguishable because in each of them, the Court held that service was actually defective. *See Mabee v. Onslow Cnty. Sheriff's Dept.*, 174 N.C. App. 210, 211-12, 620 S.E.2d 307, 308 (2005) (holding that service was defective under N.C. Gen. Stat. § 162-16 because it was executed by an individual other than those vested with authority to do so under the statute, and that this defect could not be cured by actual notice of the proceedings); *Fulton v. Mickle*, 134 N.C. App. 620, 624, 518 S.E.2d 518, 521 (1999) (holding that service was defective under Rule 4(j)(6)c because the summons and complaint were not sent to a party vested with authority to accept service on behalf of a corporation); *Long v. Cabarrus Cnty. Bd. of Educ.*, 52 N.C. App. 625, 626, 279 S.E.2d 95, 96

(1981) (holding that service was defective under Rule 4(j)(5)c because it was not made on a person vested with authority to receive service on behalf of a county or city board of education). For reasons discussed in more detail above, we do not hold that service under Rule 4(j)(1)d here was defective; therefore, we do not purport to hold that actual notice of the suit cured a defect in service.

Defendants next contend that *Hamilton v. Johnson*, __ N.C. App. __, __, 747 S.E.2d 158, 162-63 (2013) is controlling and requires a holding that service was defective because the FedEx employee did not personally serve defendants or their service agents. Although they correctly characterize the holding in *Hamilton* – that delivery by FedEx to an alleged concierge of a building did not constitute "delivery to the addressee" under Rule 4(j)(1)d – we still find this case to be distinguishable. *See id.* at __, 747 S.E.2d at 162-63. In *Hamilton*, the plaintiff attempted to serve the summons and complaint on the defendant by mailing them to his residence in Texas via FedEx. *Id.* at __, 747 S.E.2d at 160. When the package arrived, an individual identified as "KKPONI" signed for the documents, but the defendant failed to appear at the subsequent hearing for which service was meant to provide notice. *Id.* The *Hamilton* Court

stated that:

> Absent any statutory presumption, plaintiff bore the burden of proving that "KKPONI" [the alleged concierge] was defendant's agent, authorized by law to accept service of process on his behalf.
>
> Here, the trial court's order is devoid of any findings as to whether "KKPONI" was an agent authorized to accept service of process on defendant's behalf. In fact, it is unclear how "KKPONI" was employed in the building—if an employee at all. Thus, we cannot conclude that service on "KKPONI," an alleged concierge, satisfies Rule 4(j)(1)(d)'s requirement of "delivering to the addressee."

*Id.* at __, 749 S.E.2d at 163.

The fact that distinguishes *Hamilton* from this case is that the Court makes no mention of whether the defendant actually received the summons and complaint, or more specifically, whether the plaintiff attempted to prove service under section 1-75.10 with affidavits indicating that the defendant received the summons and complaint. In fact, the *Hamilton* Court makes no citation to section 1-75.10, a statute crucial to our holding that the General Assembly explicitly states must be read "contemporaneously" with Rule 4. *See* N.C. Gen. Stat. § 1A-1, Rule 4 general commentary. Thus, because we are faced with additional facts not discussed by the Court in *Hamilton*, its holding is distinguishable.

Ultimately, defendants' arguments as to why Rule 4(j)(1)d should be read to require personal service on a defendant or his service agent, exclusive of all other individuals and regardless of whether the defendant actually receives the summons and complaint, are unavailing. Because the trial court erred in its conclusions, we reverse the trial court's order dismissing defendants-appellees and affirm the order denying Baker's motion to dismiss.

## C. The City

Unlike natural persons, service may only be valid and effective upon a city:

> [b]y personally delivering a copy of the summons and of the complaint to its mayor, city manager or clerk; by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to its mayor, city manager or clerk; or by depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, *addressed to the mayor, city manager, or clerk*, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

N.C. Gen Stat. § 1A-1, Rule 4(j)(5)a (2013) (emphasis added). The list of parties named in the statute is exclusive; service upon anyone other than the mayor, city manager, or clerk is

insufficient to confer jurisdiction over a city. *See Johnson v. City of Raleigh,* 98 N.C. App. 147, 149-50, 389 S.E.2d 849, 851-52 (1990) (holding that service of summons was insufficient to confer personal jurisdiction over defendant city where a copy of the summons and complaint was delivered to a person other than an official named in Rule 4(j)(5)), *disc. review denied*, 327 N.C. 140, 394 S.E.2d 176.

Here, the summons and complaint were not addressed to either the mayor, city manager, or clerk, as is required by Rule 4(j)(5)a; they were addressed to Baker, who was the City Attorney. Delivery to Baker, although technically delivery to the addressee, was insufficient to confer jurisdiction over the City because he is not a named official capable of receiving service on behalf of the City. Furthermore, there is no direct evidence that the City's mayor, city manager, or clerk ever received the summons and complaint or were otherwise served in any way. The only evidence plaintiffs provide is a newspaper article wherein the City's mayor said that he would discuss the lawsuit with other city officials and council members. Although they may have had actual notice of this action, there is no evidence indicating that any of the required parties in Rule 4(j)(5)a were ever served with the summons and complaint.

Unlike the service on defendants who are natural persons, service on the City was defective because plaintiffs did not comply with Rule 4(j)(5)a, and any actual notice that those parties enumerated in the rule may have had did not cure this defect. *Fulton*, 134 N.C. App. at 624, 518 S.E.2d at 521 (citation and quotation omitted).

Therefore, we hold that the trial court did not err in granting the City's motion to dismiss for insufficient service of process.

## II. Motion to Amend the Summons

Plaintiffs next argue that the trial court abused its discretion by denying its motion to amend the summons against the City to correct the name of the person currently holding the office of city manager. We find no abuse of discretion.

The North Carolina Rules of Civil Procedure vest discretion in the hands of the trial courts to allow or disallow parties to amend summonses:

> At any time, before or after judgment, in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to substantial rights of the party against whom the process issued.

N.C. Gen. Stat. § 1A-1, Rule 4(i) (2013). This Court therefore reviews such orders for abuse of discretion. *See White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985) ("It is well established that where matters are left to the discretion of the trial court, appellate review is limited to a determination of whether there was a clear abuse of discretion."). Although the trial courts have wide discretion in this arena, that power has been limited by this Court to those cases where the trial court initially acquired jurisdiction over the defendant. *See Carl Rose & Sons, Ready Mix Concrete, Inc. v. Thorp Sales Corp.*, 30 N.C. App. 526, 529, 227 S.E.2d 301, 303 (1976) ("The broad discretionary power given the court  . . . does not extend so far as to permit the court by amendment of its process to acquire jurisdiction over the person of a defendant where no jurisdiction has yet been acquired.  A defendant cannot, in this short-hand manner by amendment, be brought into court without service of process.") (citation and quotations omitted), *overruled on other grounds*, *Wiles v. Welparnel Const. Co., Inc.*, 295 N.C. 81, 86, 243 S.E.2d 756, 758-59 (1978).

As stated above, in order to confer jurisdiction over the City, plaintiffs needed to comply with Rule 4(j)(5) by sending

the summons and complaint addressed to either the City's mayor, city manager, or clerk and delivering to one of those three parties. Because plaintiffs failed to do so, the trial court never acquired jurisdiction over the City. *Glover v. Farmer*, 127 N.C. App. 488, 490, 490 S.E.2d 576, 577 (1997) ("Absent valid service of process, a court does not acquire personal jurisdiction over the defendant and the action must be dismissed.").

Therefore, based on the rule set out in *Carl Rose & Sons*, we find that the trial court did not abuse its discretion by denying plaintiff's motion to amend the summons, as it would confer jurisdiction over the City without proper service of process.

### III. Title of the Cause

Baker argues on appeal that the trial court erred by denying his motion to dismiss the action for failure of the summonses to contain all of the necessary information required by Rule 4(b), namely the "title of the cause." We disagree.

This Court reviews the conclusions of law entered by the trial court in its order *de novo*. *Carolina Power & Light Co. v. City of Asheville*, 358 N.C. 512, 517, 597 S.E.2d 717, 721 (2004).

Pursuant to Rule 4(b) of the North Carolina Rules of Civil Procedure, "[t]he summons shall . . . contain the title of the cause." N.C. Gen. Stat. § 1A-1, Rule 4(b) (2013). Here, the title of the cause in the summons listed "Frankie Washington and Frankie Washington, Jr." as plaintiffs and "CITY OF DURHAM (N.C.) ET AL" as defendants. Baker argues that the title of the cause in the summons is defective because it does not list all defendants and does not mirror the title of the cause in the complaint. He cites to no authority for the proposition that these characteristics render the title of the cause in the summons defective, and we find none. Therefore, we find that the argument is abandoned. *See Metric Constructors, Inc. v. Industrial Risk Insurers*, 102 N.C. App. 59, 64, 401 S.E.2d 126, 129 (1991) ("Because the appellee cites no authority for this argument, it is deemed abandoned").

**Conclusion**

Because plaintiffs properly proved service by Rule 4(j)(1)d under section 1-75.10(5), we reverse the trial court's order dismissing all defendants-appellees except the City, and we affirm the trial court's order denying Baker's motion to dismiss for insufficient service of process. We affirm the trial court's order dismissing the City, because the record reveals

that plaintiffs failed to properly serve a party designated by rule to receive service on behalf of the City. Finally, we affirm the trial court's denial of plaintiffs' motion to amend the summons against the City and Baker's motion to dismiss for failure of the summonses to contain the title of the cause.

AFFIRMED in part and REVERSED in part.

Judges GEER and McCULLOUGH concur.