An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-854

Filed 20 August 2025

Wake County, No. 23CVS000425-910

CHOTO ENTERPRISES, INC. AND NAPOLEON CHOTO, Plaintiffs,

v.

H&G LOGISTICS, INC., HENRY LOTTERER, AND GABRIELA LOTTERER, Defendants.

Appeal by plaintiffs and cross-appeal by defendants from order entered 5 June 2024 by Judge Vince M. Rozier Jr. in Wake County Superior Court. Heard in the Court of Appeals 10 April 2025.

> *Taibi Law Group PLLC, by Anthony D. Taibi, for plaintiffs-appellants.*

> *Cranfill Sumner LLP, by Steven A. Bader, Vince Eisinger, and N. Winston West, IV, for defendants-appellants.*

GORE, Judge.

This appeal concerns whether plaintiffs have presented sufficient evidence to establish a joint venture with defendants. Because all of plaintiffs' claims depend on this alleged relationship, and the record lacks evidence of profit-sharing or mutual control, we determine that all claims must be dismissed. We affirm in part the trial

court's dismissal of plaintiffs' breach of contract and unfair and deceptive trade practices ("UDTP") claims, and reverse in part and remand with instructions to dismiss the remaining claims.

Choto Enterprises, Inc. and H&G Logistics, Inc. were both independent service providers ("ISPs") for FedEx Ground Package Systems. Plaintiffs, Choto Enterprises and Napoleon Choto, filed suit against defendants, H&G Logistics, Henry Lotterer, and Gabriela Lotterer, asserting claims for breach of contract, constructive fraud, tortious interference with prospective economic advantage, and UDTP. Plaintiffs' claims center on the allegation that H&G attempted to sell its FedEx routes without sharing the proceeds with Choto, which plaintiffs contend violated an alleged joint venture between the parties. To support this theory, plaintiffs rely primarily on an 8 March 2019 license agreement between Choto and H&G. However, that agreement expired more than a year before H&G attempted to sell its routes.

The trial court dismissed plaintiffs' breach of contract and UDTP claims, as well as all claims against Henry and Gabriela Lotterer in their individual capacities but allowed plaintiffs' constructive fraud and tortious interference claims against H&G to proceed. The court certified its ruling for immediate appeal under Rule 54(b), and both plaintiffs and defendants filed appeals.

**I.**

This case was heard in the Superior Court, Wake County, where defendants' motion to dismiss was considered under Rules 12(b)(1), 12(b)(6), and 12(c) of the

North Carolina Rules of Civil Procedure. In ruling on a motion under Rule 12(c), "[o]nly the pleadings and exhibits which are attached and incorporated into the pleadings may be considered by the trial court." *Helms v. Holland*, 124 N.C. App. 629, 633 (1996). "No evidence is to be heard, and the trial judge is not to consider statements of fact in the briefs of the parties or the testimony of allegations by the parties in different proceedings." *Minor v. Minor*, 70 N.C. App. 76, 78 (1984). Under Rule 12(c), if the trial court considers matters outside the pleadings and does not exclude them, the motion for judgment on the pleadings must be treated as a motion for summary judgment and resolved according to the procedures outlined in Rule 56 of the North Carolina Rules of Civil Procedure. *Helms*, 124 N.C. App. at 633 (citing N.C.G.S. § 1A-1, Rule 12(c)).

Here, the trial court reviewed the case file, pleadings, relevant case law, submitted documents and affidavits, briefing, and arguments from both parties before determining that defendants' motion to dismiss should be granted in part. "Because matters outside the pleadings were considered by the court in reaching its decision on the judgment on the pleadings, the motion will be treated as if it were a motion for summary judgment." *Id.* Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (2023).

The trial court dismissed breach of contract, fraud, tortious interference, and UDTP claims against Henry and Gabriela Lotterer in their individual capacities, as well as breach of contract and UDTP claims against H&G Logistics, Inc. The order does not, however, explicitly resolve constructive fraud and tortious interference against H&G Logistics, Inc., indicating these claims remain pending. "A grant of partial summary judgment, because it does not completely dispose of the case, is an interlocutory order from which there is ordinarily no right of appeal." *Liggett Grp., Inc. v. Sunas*, 113 N.C. App. 19, 23 (1993) (citations omitted).

Recognizing its ruling had fully terminated claims as to fewer than all parties, the trial court certified the order for immediate appeal under Rule 54(b) of the North Carolina Rules of Civil Procedure, finding no just reason for delay in plaintiffs' ability to seek appellate review. N.C.G.S. § 1A-1, Rule 54(b) (2023). "[A] Rule 54(b) certification is effective to certify an otherwise interlocutory appeal only if the trial court has entered a final judgment with regard to a party or a claim in a case which involves multiple parties or multiple claims." *CBP Res., Inc. v. Mountaire Farms of N.C., Inc.*, 134 N.C. App. 169, 171 (1999) (citation omitted). Because the trial court's ruling fully disposed of plaintiffs' breach of contract and UDTP claims and all claims against the Lotterers individually, it constitutes a final judgment as to those claims and parties. Accordingly, this Court has jurisdiction to review plaintiffs' appeal.

Defendants argue this Court should assume jurisdiction over their cross-appeal because the issues raised are inextricably intertwined with plaintiffs' appeal.

They contend that the trial court's partial dismissal creates a risk of fragmented litigation and inconsistent verdicts if appellate review is not granted. If this Court affirms the dismissal of plaintiffs' breach of contract and UDTP claims, then the remaining constructive fraud and tortious interference claims—relying on the same joint venture theory—must also fail.

We agree appellate jurisdiction is proper. Where related claims hinge on the same outcome-determinative issue, immediate review prevents piecemeal litigation and inconsistent verdicts. *See Washington v. Cline*, 233 N.C. App. 412, 417 (2014) (allowing review of a cross-appeal to prevent fragmentary appeals where it involved the application of the same rules to the same facts and circumstances as the primary appeal). Because plaintiffs' remaining claims arise from the same alleged joint venture as their dismissed claims, and defendants' cross-appeal raises intertwined legal questions, this Court assumes jurisdiction and will proceed to review the merits.

## II.

Every claim plaintiffs asserted in their complaint—breach of contract, constructive fraud, tortious interference, and UDTP—hinges on an alleged joint venture because it establishes either a fiduciary relationship, a contractual or business interest, or a basis for unfair or deceptive conduct. *See, e.g., Greene v. Rogers Realty & Auction Co.*, 159 N.C. App. 466, 469 (2003) (holding that a fiduciary duty does not arise in the absence of a contractual or representative relationship between the parties); *Compton v. Kirby*, 157 N.C. App. 1, 20 (2003) (holding that a breach of

fiduciary duty and constructive fraud may serve as the basis for a UDTP claim); *Terry v. Terry*, 302 N.C. 77, 83 (1981) (holding that constructive fraud arises from the abuse of a confidential or fiduciary relationship and requires allegations establishing both the existence of such a relationship and the circumstances under which the defendant took advantage of it).

The dismissed claims, including breach of contract and UDTP, were already resolved by the trial court, but their viability still depended on the joint venture theory. The remaining claims for constructive fraud and tortious interference continue to rely upon the same premise. If this Court determines that no joint venture existed, then not only do the remaining claims fail, but the trial court's dismissal of the other claims is appropriate.

Defendants argue plaintiffs failed to establish the essential elements of a joint venture and, as a result, cannot demonstrate a fiduciary relationship or a legally protectable economic interest in H&G's business operations. We agree.

Establishing the existence of a joint venture requires two key elements: (1) an agreement—whether explicit or implied—to undertake a single business venture with shared profits, and (2) an equal right among the parties to control how the venture operates. *Edwards v. Nw. Bank*, 39 N.C. App. 261, 275 (1979). A joint venture can be established when the parties contribute "funds, property, or labor" toward a shared goal for their mutual benefit, and each party has some degree of authority over the actions of the other *within a fiduciary relationship*. *Pike v.*

*Wachovia Bank & Tr. Co.*, 274 N.C. 1, 9 (1968).

For a joint venture to exist, the parties must pool their resources—whether "property, money, efforts, skill, or knowledge"—toward a shared undertaking. *Id.* While their contributions do not have to be equal or identical, each participant must contribute something that advances the venture. *Id.* A joint venture is similar to a partnership in nature. While the two are distinct legal relationships, they are generally governed by the same legal principles. *Id.*

Considering the evidence in the light most favorable to plaintiffs, it is insufficient to establish the parties' business relationship constituted a joint venture. This Court concludes that no joint venture existed because plaintiffs failed to establish the essential elements of profit-sharing and mutual control, both of which are required under North Carolina law.

First, on 8 March 2019, Choto entered into a license agreement with H&G, granting it certain ISP routes. Under this arrangement, H&G, as the licensee, retained all revenue generated from the contract. The agreement further specifies that each party "shall continue to own separately one hundred percent of all business, real, and any other property interests currently owned by or obtained by it in the future." The contract states that "Lotterer will receive all revenues from the FedEx contract and will pay" Choto only for the revenue "Choto generates" from his work under that contract, with payments made weekly "after Lotterer receives payment." This language establishes a compensation structure based on services rendered,

rather than a profit-sharing agreement, as it does not provide for joint ownership of profits or losses—a necessary element of a joint venture. *See Se. Shelter Corp. v. BTU, Inc.*, 154 N.C. App. 321, 327 (2002) (holding that a fixed payment obligation, regardless of profitability, does not constitute profit-sharing necessary for a joint venture).

Second, plaintiffs have not alleged facts sufficient to establish an agency relationship between itself and H&G to support a joint venture claim. The complaint does not reference "agent" or "agency," nor does it assert that Choto had the right to control H&G or that H&G had the right to control Choto. The only specific evidence Choto cites—the 8 March 2019 license agreement—contains no language suggesting agency or mutual control. Instead, the agreement explicitly states that both parties retain separate ownership of their respective businesses and property.

Because a joint venture requires mutual agency, these allegations are insufficient to establish the necessary element of control. *See id.* at 328 (holding that an agreement lacking mutual control and a principal-agent relationship does not establish a joint venture, even where one party provided expertise and guidance in business operations); *Rhoney v. Fele*, 134 N.C. App. 614, 620 (1999) (holding that a joint venture requires a legal right to control the other party's conduct in pursuit of a common purpose, and summary judgment was proper where no such right to control was established); *Edwards*, 39 N.C. App. at 276–77 (holding that a party does not become a joint venturer merely by exercising control over its security interest, as joint

venture status requires equal control over the means used to carry out the venture).

The absence of both profit-sharing and mutual control is fatal to plaintiffs' joint venture claim, and without a joint venture, the foundation for their causes of action collapses. Each of plaintiffs' claims—breach of contract, UDTP, constructive fraud, and tortious interference—relies on the existence of a joint venture between Choto and H&G. The pleaded allegations and incorporated documents depend on this theory, yet the record contains no evidence that plaintiffs had a right to H&G's profits or authority over its business decisions. Without such evidence, plaintiffs cannot establish a fiduciary duty, a protectable business or economic interest, or wrongful interference with a contract or expectancy. Because a joint venture is essential to their claims and the evidence does not support its existence, defendants are entitled to judgment as a matter of law.

## III.

The record does not support plaintiffs' assertion they had entered into a joint venture with H&G Logistics. The license agreement between the parties explicitly states each retained separate ownership of their respective business interests and does not establish the mutual control or profit-sharing necessary to form a joint venture. Without a joint venture, plaintiffs cannot demonstrate a fiduciary duty, a protectable economic interest, or wrongful interference with a contract or expectancy. Because all of plaintiffs' claims rest on the existence of a joint venture, and the evidence does not support that such a relationship existed, defendants are entitled to

judgment as a matter of law. We affirm in part the trial court's dismissal of plaintiffs' breach of contract and unfair and UDTP claims and reverse in part and remand with instructions to dismiss the remaining claims.


AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

Chief Judge DILLON and Judge TYSON concur.

Report per Rule 30(e).